## The Evansville and Crawfordsville Railroad Company v. Miller.

RAILROADS.—*Assessment of Damages.*—*Constitutional Law.*—*Trial by Jury.*—
Upon an appeal to the Circuit Court from a proceeding before a justice of the peace to assess damages sustained by the owner of land taken for public use under the ninth section of the act to incorporate the Evansville and Illinois Railroad Company (Local Laws 1849), the Circuit Court, sitting as a court of chancery, may take the opinion of a jury upon a single question of fact, but in such cases trial by jury is not a constitutional right.

SAME.—*Practice.*—*Burden of the Issue.*—The only question presented in the Circuit Court on an appeal by the owner of the land condemned being the measure of damages; *held,* that the appellant had the right to begin.

SAME.—*Judgment.*—In such case it is error to render a common judgment against the corporation for the damages, without a decree for the conveyance of the land in question to the corporation upon the payment of the money.

APPEAL from the Vanderburgh Circuit Court.

FRAZER, J.—This was a proceeding to condemn lands to public use, under the ninth section of the act to incorporate the Evansville and Illinois Railroad Company (Local Laws 1849). The appellee took the case to the Circuit Court for review, as provided by that section. The petition to the Circuit Court complained only that inadequate damages had been assessed before the justice of the peace.

A jury trial, to which the appellant objected, and in which the appellee was permitted to begin, resulted in an increased assessment of damages, and there was then entered an ordinary judgment against the appellant for the damages assessed.

A jury trial was not a matter of right. According to the act already cited, the Circuit Court proceeds, " acting and sitting as a court of chancery." In such cases it is very clear that trial by jury is not a constitutional right. But a court of chancery might take the opinion of a jury upon a single question of fact; and we think, therefore, that

there was no available error in the proceedings in that particular.

Inasmuch as no question but the measure of damages was presented in the Circuit Court, there was no error, we think, in giving the appellee the right to begin. He had the affirmative of the question.

The court rendered a common judgment against the appellant for the damages, without any decree for a conveyance to the appellant upon the payment of the money. This was in violation of the express letter of the act already referred to, and must reverse the judgment.

The judgment is reversed, with costs, and the cause remanded, with directions to render a decree according to this opinion.

*A. Iglehart*, for appellant.

*J. M. Shackleford*, for appellee.