## GRAND RAPIDS AND INDIANA RAILROAD COMPANY *v.* HORN
### ET AL.

PRACTICE.—*Reason for New Trial.—Motion for Judgment on Special Find-
ing.*—The inconsistency of a special finding with the general verdict is not a
reason for a new trial.   The question is presented by a motion for judgment
on the special finding.

RAILROAD.—*Appropriation of Land.—Damages.*—Where a railroad sought to
appropriate land for the line of its road, the court refused to give this charge
to the jury:  "That the plaintiff is entitled to recover in damages only the
actual damage suffered by the plaintiff in consequence of the appropriation of
the land by the defendant, the railroad company, for the right of way, and
such injuries as directly result from such appropriation."

*Held*, that the charge was properly refused, as it did not include any allowance
by the jury for the fencing made necessary, and for the overflowing of other
parts of the land caused by the embankments, and for the throwing of earth
upon the land, and for excavations for earth made outside of the strip appro-
priated; there being evidence on these matters. ' The proper elements to be
considered in estimating the damages are stated in a charge set out in the
opinion.

SAME.—*Benefit Set Off Against Special Damage.*—The court also refused to
charge as follows:  "If you should find from the evidence that by the con-

struction of culverts and drains through and along the road embankments over the plaintiff's land, the defendant (the railroad company) has, in this way, to some extent, drained the plaintiff's land, or rendered its drainage more easy and less expensive, such benefit, if any, may be considered in estimating the plaintiff's damage."

*Held,* that the charge was properly refused, as the benefit was not limited to meet the damage resulting from the overflow of water caused by the fills and embankments made by the railroad company.

PRACTICE.—*Instruction.*—*Evidence*—Where evidence on a question of damage has been ruled out on the trial, it is unnecessary for the court to instruct the jury to disregard it.

SAME.—*Jury.*—*Instruction.*—It is not error in the court to refuse to instruct the jury upon matters of known duty; as, that they should decide the case before them on the evidence, without prejudice, partiality, or favor.

SAME.—*Open and Close.*—Where the only question submitted to the jury was the amount of damages, the opening and close of the case was properly given to the party claiming the damages.

APPEAL from the Allen Circuit Court.

DOWNEY, J.—This was a proceeding by the appellant against the appellees to appropriate certain real estate of the appellees to the use of the company for the construction of its road, commenced by the filing of the proper instrument of appropriation, under section fifteen of the act for the incorporation of railroad companies. 1 G. & H. 509. In the record the appellees are spoken of as the plaintiffs, and the appellants as the defendants. Assessors were appointed, and they made a report, to which exceptions were filed. Afterward the parties agreed that the assessment should be set aside, and that a new assessment of damages should be made by a jury in the circuit court. It was also agreed that all questions involved and all irregularities should be waived, except only the question as to the quantum of damages. There was then a trial by jury, and a general verdict for the plaintiffs in the sum of twenty-six hundred dollars, the jury returning also numerous answers to interrogatories propounded by each party. The company moved the court for a new trial, which was overruled, and final judgment rendered for the amount of the verdict. The error assigned is the overruling of the motion for a new trial.

The first and third reasons for a new trial raise the ques-

tion as to the sufficiency of the evidence to sustain the verdict of the jury, and the second is that the verdict is contrary to law. We have examined the record with reference to these objections, and are of the opinion that they are not well founded. The testimony is in many respects conflicting, the witnesses differing with reference to the facts and estimates of values. It is claimed in this connection, by counsel for the appellant, that the new trial should have been granted, because the special findings of the jury are inconsistent with the general verdict as to the amount of the damages. But we think this position cannot be sustained. The inconsistency of the special findings of the jury with the general verdict is not a reason for a new trial. When such is the case, the proper way in which to present the question is by a motion for judgment on the special findings. 2 G. & H. 206, sec. 337. *Morse* v. *Morse,* 25 Ind. 156.

The fourth reason for a new trial is that the court, after having been requested to reduce its charges to writing, gave oral charges and modifications of charges. We find no foundation for this objection in the record. The point is not mentioned in the brief of counsel for the appellant.

The fifth reason relates to the charges refused by the court, numbered one, two, three, four, seven, eight, and nine. We shall examine particularly only such of these charges as are referred to by counsel for the appellant in their brief. In the first of these charges the court was asked to say to the jury, "that the plaintiff is entitled to recover in damages only the actual damage suffered by the plaintiff in consequence of the appropriation of the land by the defendant for the right of way, and such injuries as directly result from such appropriation." etc. This charge, if given, would have excluded any allowance by the jury for the fencing made necessary by the running of the road through the plaintiffs' land, the overflowing of other parts of the land from the fills or embankments made, the removal of tree tops and earth thrown on the land, and excavations for dirt made out-

side of the strip of land appropriated, matters concerning which there was much evidence on the trial. For this reason it seems to us that the charge was properly refused by the court.

The fourth charge asked and refused is as follows: "If you should find from the evidence that by the construction of culverts and drains through and along the road embankments over the plaintiffs' land, the defendant has, in this way, to some extent, drained the plaintiffs' land, or rendered its drainage more easy and less expensive, such benefit, if any, may be considered in estimating the plaintiffs' damages."

It is claimed that this charge should have been given because one of the items of damages claimed by the plaintiffs was the alleged overflowing of a part of their land from the accumulation of water caused by fills or embankments made by the company, and that evidence that by the construction of the culverts and drains through the plaintiffs' land, the same have been drained, or made more easily drained, was admissible to meet that claim of the plaintiffs. But the charge does not stop there. If it had, it is probable the court would not have thought it necessary to refuse it. As asked, it authorized the jury to deduct such supposed benefit from any damage of the plaintiffs from whatever cause it might have arisen. The statute expressly forbids this, by declaring that, "in estimating any damages under this chapter [article], no deduction shall be made for any benefit that may be supposed to result to the owner, from the contemplated work." 2 G. & H. 316, sec. 711, and see *The Evansville, etc., R. R. Co.* v. *Fitzpatrick*, 10 Ind. 120; *The White Water Valley R. R. Co.* v. *McClure*, 29 Ind. 536.

By the seventh instruction refused, the court was requested to charge the jury that any evidence that might have been introduced tending to show the destruction of the plaintiffs' crops of grain or grass, by reason of cattle's getting in and destroying or injuring the same through the removal of fences by the defendant, had been ruled out, and that they

should not consider, or assess or allow any damages for such injury, if such injury had been sustained.

The court did say to the jury, in the charge given on its own motion, that "injury to crops or grass done by trespassing animals, which may have obtained an entrance to the fields of the plaintiffs by reason of the fences being carelessly or negligently left open, will not be considered." It is insisted that this part of the charge of the court does not supply the place of that asked by the defendant, because it is left open to the inference that the carelessness and negligence alluded to by the court was only that of the plaintiffs, and thus the jury might consider themselves at liberty to allow for such damages resulting from the carelessness and negligence of the defendants. Assuming that such damages could not be computed in such a case, which we need not decide, it must be remembered that this evidence had been excluded by the court, and was not before the jury. It ought to be supposed that the jury would not act upon evidence which had been ruled out or excluded, without any charges to that effect by the court. But it does not appear that the plaintiffs had left the fields open, and hence we cannot suppose that the instruction of the court had any reference to them. There is surely nothing in this objection for which the judgment ought to be reversed.

The ninth of the charges asked by the defendant, which was refused, is as follows: "In this case the jury should, without regard to the parties, look alone at the evidence, and render such a verdict as, in their judgment, the evidence may require, without prejudice, partiality, or favor."

Counsel for the appellant say of this charge: "It may be said, and perhaps truly, that every juror in the panel well knew that his duty was to decide impartially; but, it is equally true, that the best of men need to be continually reminded of their well known duties. Such a reminder, from the court, at that time, would have been, to every honest juror, a sort of a second conscience causing a self-examination, which might have been of the utmost impor-

tance to the parties. But our right to this charge, in our view, is so plain as to need no argument."

We think counsel have correctly anticipated the objection which may be made to the charge, and what may be said in support of the ruling of the court in refusing to give it to the jury. There are some things that must be taken as true in judicial as well as in other investigations. We think it fair to presume that jurors in any part of the State of Indiana are sufficiently intelligent to know that their duty, when sworn as such, requires them to decide the case according to the evidence, and without prejudice, partiality, or favor, and that the court cannot be said to have committed an error in not reminding them of that duty.

It is next alleged, as a sixth reason, that there was error in the charge given by the court on its own motion. The charge was as follows: " Under the rules of the law and the agreements made by the parties in your presence, written and oral, in reference to that matter, the only question submitted for your consideration in this case is the amount of damages which have accrued and will accrue to the plaintiffs, by reason of the construction of the railroad of the defendant through the land of the plaintiffs. These rules of the law, in connection with the agreements of the parties entered into in this particular case, fix the measure of these damages. The measure of damages, as thus fixed, is the actual value of the strip of land appropriated by the railroad company, together with just and fair compensation for any injury to the residue of the land owned by the plaintiffs' from which it is taken, naturally resulting from the appropriation and the construction of the road thereon, such as cutting the fields into an inconvenient and ill shape, destroying or interfering with the convenience of water for stock to a portion of the farm, the cost of constructing and maintaining additional fences made necessary for the proper use and enjoyment of the farm by reason of the construction of the road thereon, the interruption of the flow of surface water on the plaintiffs' own land, and of water in its natural

and accustomed channels, whereby an overflow of adjacent lands results, the proper compensation for any inconvenience occasioned by the interruption of the natural facilities for passage to and fro between different parts of the land owing to the severance thereof by the railroad track, and the fences which may be constructed along the same, the expense of removal of earth, tree tops, or other refuse thrown out upon the adjacent land in the process of construction. These and all other matters affecting, naturally, the enjoyment and use of the property, and resulting as a legitimate consequence of the construction of the road, are all proper to be considered in estimating the damages to be assessed." The residue of the charge, relating to damages from trespassing animals, has been copied above.

No particular objection to this charge is mentioned by counsel for the appellant. It seems to us to be correct.

Seventh. Objection is made to a charge said to have been given by the court at the instance of the plaintiffs. But we find, on reference to the bill of exceptions, that it states only that the charge was asked, and does not state that it was given by the court. Under these circumstances we cannot say that it was given, and need not decide whether it was correct or not.

Eighth. The last reason urged is that the court awarded the open and close to the plaintiffs, the appellees. By the agreement of the parties, the assessment which had been made was set aside, and it was agreed that all other questions were waived, and that the amount of the damages was the only question to be determined. We are not willing to say that it was error to allow the appellees to open and close. Substantially they had the affirmative. We are referred by counsel for the appellant to *The Evansville and Crawfordsville Railroad Co.* v. *Miller*, 30 Ind. 209, as an authority in favor of their position. We apprehend that counsel are mistaken as to the bearing of the authority. The case is against them. They also refer to *Daggy* v. *Coats*, 19 Ind. 259; but we find nothing in the case relating to the question under

consideration. There was no error in this ruling. *Fetters* v. *The Muncie National Bank*, 34 Ind. 251; *The Baltimore and Ohio Railroad Co.* v. *McWhinney*, 36 Ind. 436.

The judgment is affirmed, with five per cent. damages and costs.

*R. Brackenridge*, *J. Brackenridge*, *J. Morris*, *W. H. Coombs*, and *W. H. H. Miller*, for appellant.

*W. G. Colerick* and *H. Colerick*, for appellees.