SIMEON A. BRITTON & others *vs.* COUNTY OF WORCESTER.

Worcester.    October 3, 1876 ; October 6. — 22, 1877.

A bill of exceptions, alleged by the respondent at the trial upon a petition to the Superior Court to assess the damages caused to the estate of three petitioners, owned by them in common, by relocating a highway, stated that the respondent offered to prove that, at a hearing before the county commissioners, before the order of relocation was adopted, one of the petitioners verbally agreed that the petitioners would accept a certain sum in full for damages to their estate ; that the respondent also offered to prove by another witness that he, by authority of two of the petitioners, informed the county commissioners that if a certain location was adopted, (which was afterwards in fact adopted,) the petitioners would accept the same sum in full for damages ; and that, the respondent not proposing to show that the third petitioner gave any authority to make either offer, the judge rejected the evidence. *Held,* that no ground of exception appeared.

PETITION to the Superior Court, filed October 29, 1874, by Simeon A. Britton, Sarah A. Britton and Sarah M. Shattuck, for a jury to assess damages occasioned to the petitioners' real estate, owned by them in common, by relocating and changing the grade of Lincoln Street in Worcester.

At the trial, before *Gardner,* J., it appeared that on November 1, 1873, the county commissioners, upon the petition of Edwin Conant and others, adopted an order relocating and lowering the grade of Lincoln Street, through the petitioners' estate, and taking for that purpose 14,600 square feet of their land, and assessing their damages at $300.

The petitioners claimed damages for the land taken, for the expense of moving a barn standing on the land, and for injury to the estate caused by the lowering of the grade of the street, and they introduced evidence to prove that the land was worth three cents a foot, and also as to the other damages claimed. The evidence introduced by the parties was conflicting as to whether the petitioners' estate derived benefit from the change in the street. Simeon A. Britton, one of the petitioners, testified that it cost $400 to move the barn, and this was not controverted by the respondent. Britton did not testify as to the damages to the estate, except as above.

The respondent called as a witness William O. Brown, one of the county commissioners, and offered to prove by him, that, at the hearing upon the petition of Conant and others, and before the order relocating the street was adopted, Britton appeared and verbally consented and agreed that the petitioners would accept $300 in full for the damages to their estate on account of the relocation and change of grade of the street. The respondent also called as a witness Charles W. Burbank, a surveyor, who testified that, acting under the direction of Simeon A. Britton and Sarah A. Britton, and while Conant's petition was pending, he staked out a location of Lincoln Street, through the premises in question, varying somewhat from a location which had previously been staked out by the city engineer, and that his location was substantially adopted; which testimony was admitted without objection. The respondent " then offered to prove by Burbank that, while the petition was pending, by the same authority, he informed the county commissioners that if his location was adopted, instead of that of the city engineer, the petitioners would accept $300 in full for their damages ; but, as the respondent did not prove, or offer to prove, that either Simeon A. Britton or Burbank was authorized to act for Sarah M. Shattuck, and, as the respondent's counsel, when inquired of by the court, stated that he did not propose to show such authority," the judge excluded the evidence of Brown and Burbank. The jury returned a verdict for the petitioners for $850.49 ; and the respondent alleged exceptions.

The case was argued in October, 1876, and reargued in October, 1877.

*T. L. Nelson*, for the respondent. It was decided in 1831, that one tenant in common of land, over which a highway is laid out, could not apply for a jury without the joinder of the other co-tenants, and that the assessment of damages must be joint, and could not be severed by the jury. *Merrill* v. *Berkshire*, 11 Pick. 269, 274. But, since the Revised Statutes, parties having different interests in land are not obliged to join, but may apply separately; and, when they do join, their damages may be assessed separately. Rev. Sts. *c.* 24, §§ 48–53. Gen. Sts. *c.* 43, §§ 53–58. *Dwight* v. *County Commissioners*, 7 Cush. 533. *Proprietors of Locks & Canals* v. *Nashua & Lowell Railroad*, 10 Cush. 385, 387. *Ashby* v. *Eastern Railroad*, 5 Met. 368, 372. The testimony of Brown and Burbank was therefore admissible as affecting the damages to be awarded to the two Brittons. Had this testimony been admitted, separate verdicts could have been rendered.

*F. T. Blackmer*, for the petitioners.

BY THE COURT. The evidence offered was not, and is not contended to have been, competent for the purpose of proving a valid agreement between the parties; and, in the opinion of a majority of the court, the bill of exceptions does not show that it was offered for any other purpose. *Exceptions overruled.*