No. 10,274.

PEED ET AL. *v.* BRENNEMAN ET AL.

PRACTICE.—*Open and Close.—Burden of Issue.*—On appeal from proceedings before a board of commissioners in reference to the location of a highway, where the remonstrance, having been amended in the circuit court, is for damages only, the remonstrant is entitled to open and close, because he has the burden of the issue.

From the Henry Circuit Court.

*J. H. Mellett, E. H. Bundy, D. W. Chambers, J. S. Hedges* and *W. O. Barnard,* for appellants.

*W. Grose, J. M. Brown, J. Brown* and *W. A. Brown,* for appellees.

ZOLLARS, J.—The facts presented by the record, so far as it is necessary to state them, are as follows: Appellees presented a petition to the board of commissioners of Henry county, asking for the location and establishment of a highway. Viewers were appointed, and reported that the proposed highway would be of public utility.

Following this appellants remonstrated, on the grounds of inutility, and damages to them respectively. Reviewers were appointed, who reported damages in favor of appellants, and that the highway would not be of public utility. After the filing of this report, the board of commissioners refused to grant the prayer of the petition, and made an order accord-

ingly. From this order the petitioners appealed to the circuit court. In that court appellants dismissed their remonstrance as to all allegations and issues except their respective claims for damages, as set forth therein.

Before any testimony was introduced appellants asked and claimed the right to open and close the cause. After the close of the testimony, and before argument, appellants claimed the right, and asked the privilege, of opening and closing the argument to the jury.

These demands were denied by the court, and the open and close, both in the testimony and argument, were awarded to the petitioners for the highway, appellees. To these rulings of the court appellants objected and excepted, and assign them as causes for a new trial.

The motion for a new trial was overruled, appellants excepted, brought the case to this court on appeal, and have assigned for error the overruling of the motion for a new trial. It is well settled by a long line of decisions by this court, that in these highway proceedings all objections not made before the board of commissioners are regarded as having been waived. *Smith* v. *Alexander*, 24 Ind. 454; *Cummins* v. *Shields*, 34 Ind. 154; *Daggy* v. *Coats*, 19 Ind. 259; *Fisher* v. *Hobbs*, 42 Ind. 276; *Sowle* v. *Cosner*, 56 Ind. 276; *Turley* v. *Oldham*, 68 Ind. 114. It is settled by these cases, and others that might be cited, that if no remonstrance is filed before the board of commissioners, challenging the public utility of the proposed highway, that will be taken as admitted, and no longer in issue before the board, or in the circuit court on appeal. In the recent and well considered case of *Green* v. *Elliott*, 86 Ind. 53, the question of the proper practice in this class of cases was examined, and it was held that the matters to be litigated on appeal are those litigated before the board of commissioners. See also the case of *Breitweiser* v. *Fuhrman*, 88 Ind. 28.

It is settled by these cases, also, that if, in a case like this, there is no remonstrance before the board of commissioners

on the ground of inutility, no proof will be required from the petitioners on that subject in the circuit court. If the remonstrance is based upon a claim of damages alone, the amount of such damages will be the only issue to be tried on appeal. In this case the remonstrance was double, putting in issue the question of public utility, and claiming damages; but, as we have seen, appellants dismissed their remonstrance as to all questions except damages. This dismissal carried with it out of the record so much of the report of the reviewers as found against the public utility of the highway, and left the case as though the remonstrance had been limited in the first instance to the question of damages. The only question at issue between the parties was as to whether or not appellants were entitled to damages, and if so, how much. Of that issue appellants had the affirmative, and the burden was upon them to establish it by a preponderance of testimony. It follows, therefore, that they were entitled to the open and close, both in the testimony and argument, and that the court below erred in denying them that right. R. S. 1881, sec. 536; *Hamlyn* v. *Nesbit,* 37 Ind. 284; *Evansville, etc., R. R. Co.* v. *Miller,* 30 Ind. 209; *Baltimore, etc., R. R. Co.* v. *McWhinney,* 36 Ind. 436, 444; *Grand Rapids, etc., R. R. Co.* v. *Horn,* 41 Ind. 479; *Fetters* v. *Muncie Nat. Bank,* 34 Ind. 251 (7 Am. R. 225).

It is claimed by counsel for appellee that this question is not presented by the record, because no time was asked or granted to file a bill of exceptions at the time the court refused to give appellants the open and close of the case. As we have said, this refusal was made a cause for a new trial. When the motion for a new trial was overruled, sixty days time was granted within which to prepare and file a bill of exceptions. The bill was presented to the judge within that time. For the purpose of examination, he held the bill beyond the sixty days. The statute provides that when a decision excepted to is properly assigned as a reason for a new trial, such motion shall carry such decision and exception forward to the time of ruling on such motion, and time may be then

given by the court, within which to reduce such exceptions to writing; and that if the bill be presented to the judge within the time granted, his delay in signing and filing the same shall not deprive the party objecting of the benefit thereof. R. S. 1881, secs. 625 and 629.

Other questions are discussed by counsel, but, as they are not very fully and fairly presented by the record, if at all, and may not all be important in another trial, we do not think it necessary to notice them further. Some of these questions are undergoing an examination in other cases before this court and will probably be decided before a second trial of this cause. Others have already been decided. See *Hagaman* v. *Moore*, 84 Ind. 496.

By reason of the error already pointed out, the judgment is reversed, at the costs of appellees.