The Indiana, Bloomington and Western Railway Company v. Cook.

No. 11,873.

THE INDIANA, BLOOMINGTON AND WESTERN RAILWAY COMPANY v. COOK.

PRACTICE.—*Objection to Evidence.*—An objection to evidence on the ground that it is incompetent, without stating in what its incompetency consists, is too general to raise any question for the Supreme Court.

SAME.—*Open and Close.*—*Appropriation of Land for Railroad.*—In a proceeding instituted by a railroad company to appropriate land for the construction of its road, on appeal to the circuit court taken by both parties by the filing by each of exceptions to the assessment of damages, the land-owner has the right to the open and close.

SAME.—*Instructions to Jury.*—When instructions taken together state the law of the case correctly, the fact that one clause therein, considered separately, is doubtful or erroneous, will not constitute ground for reversing the judgment.

From the Madison Circuit Court.

*C. W. Fairbanks, J. H. Mellett* and *E. H. Bundy,* for appellant.

*J. M. Brown,* for appellee.

FRANKLIN, C.—This was a proceeding by appellant to appropriate a portion of the land of appellee for the construction of its road.

Written exceptions were duly filed by each party to the assessment of damages by the appraisers, and the cause thereby appealed to the Henry Circuit Court, and from thence, by change of venue, the cause was transferred to the Madison Circuit Court, where the case was tried upon the issues joined upon the exceptions.

There was a verdict and judgment for the appellee. Appellant filed a motion for a new trial, which was overruled. The error assigned is the overruling of the motion for a new trial.

The reasons for a new trial, which are insisted upon for a reversal of the judgment, are, that the damages are excessive, error in the admission of evidence, in allowing the defendant

to open and close the evidence and the argument to the jury, and in instructions to the jury.

It is first insisted by appellant that the court erred in permitting the appellee to ask certain witnesses, while on the stand, to testify in relation to the value of the land before appropriation, and also after appropriation, and in permitting said witnesses to answer and testify in relation to the same.

The objections made to this testimony in the court below were that it was incompetent, immaterial and irrelevant.

This court has repeatedly held that objections to the admissibility of testimony, in order to be available, must be specifically pointed out, and that the objection that it is incompetent is too general to present any question to this court; that the objection should state wherein the incompetency consists; hence we decide nothing in relation to the competency of such testimony. See the cases of *McClellan* v. *Bond*, 92 Ind. 424, *Mills* v. *Winter*, 94 Ind. 329, *Stanley* v. *Sutherland*, 54 Ind. 339.

It is not insisted by appellant in its brief, and can not reasonably be said, that the testimony was immaterial or irrelevant; we, therefore, find no error in the admission of evidence.

The question as to which party was entitled to open and close the evidence and argument to the jury, presents considerable difficulty; there is a want of uniformity in the authorities on this question.

In South Carolina, it is held that the appellant has the open and close on the appeal. See the case of *Charleston, etc., R. R. Co.* v. *Blake*, 12 Rich. L. 634. And where the landholder appealed from the assessment to the circuit court, it has been held in this State that he has the right to open and close. *Evansville, etc., R. R. Co.* v. *Miller*, 30 Ind. 209. The following language is used therein: " Inasmuch as no question but the measure of damages was presented in the circuit court, there was no error, we think, in giving the appellee the right to begin. He had the affirmative of the question."

In Georgia, it has been held that the party originally mov-

ing has the open and close on appeal. *Harrison* v. *Young*, 9 Ga. 359.

In New York, it has been held that the commissioners decide which party shall have the open and close, and their decision is final. *Albany, etc., R. R. Co.* v. *Lansing*, 16 Barb. 68.

In Massachusetts, it has been held that the owners of the land have the affirmative of the issue as to the value of the land, and hence the right to open and close, without regard to which party initiated the proceedings or prosecuted the appeal. And the same rule has been established in Minnesota and Oregon. See the cases of *Burt* v. *Wigglesworth*, 117 Mass. 302, *Minnesota, etc., R. R. Co.* v. *Doran*, 17 Minn. 188, *Oregon, etc., R. R. Co.* v. *Barlow*, 3 Oregon, 311, *Connecticut River R. R. Co.* v. *Clapp*, 1 Cush. 559. The same language is substantially used by Mills on Eminent Domain, section 92.

In the case of *Connecticut River R. R. Co.* v. *Clapp, supra,* it is said : " In cases where a reassessment of damages is to be made by a jury, after an assessment has been made by the commissioners, it is immaterial which party makes the application for such reassessment. The party claiming damages, the same being unliquidated, and to be settled by the jury, has the right of opening and closing the cause. * * * The only question for the jury in this case was a question of damages, which they were bound to assess without any regard to the previous assessment by the commissioners. There seems, therefore, no reason for allowing the petitioners to open and close."

In the case of *Burt* v. *Wigglesworth, supra,* the following language is used : " This proceeding is not like an ordinary action at law. Although the petition of the agent of the United States is the first step in the proceeding, nothing is submitted to the jury but the appraisement and valuation of the land to be taken. The affirmative of that issue rests upon the owners of the land, and, as in other cases of the as-

sessment of compensation to be made for private property or rights taken for the public use, they have the right to open and close, without regard to the question by which party the petition is filed upon which the trial by jury is had." See authorities cited in support thereof.

In the case under consideration both parties filed exceptions to the report of the appraisers, and thereby both parties appealed to the circuit court. The result of the appeal was to set aside the report of the appraisers, which could not be used for any purpose upon the trial in the circuit court; but the questions of the value of the land taken, and the amount of the damages, had to be tried *de novo*, the same as if there had been no assessment by appraisers. Our statute provides: " That notwithstanding such appeal, such company may take possession of the property therein described, as aforesaid, and the subsequent proceedings on the appeal shall only affect the amount of compensation to be allowed." R. S. 1881, sec. 3907.

In the case of *Grand Rapids, etc., R. R. Co.* v. *Horn,* 41 Ind. 479, there was an agreement of the parties that the assessment which had been made be set aside, that all other questions be waived, and the amount of the damages was the only question to be determined. No exceptions were filed to the report of the appraisers. The case, by agreement, was appealed to the circuit court for the reassessment of the damages, and in that case this court said: " We are not willing to say that it was error to allow the appellees to open and close." Notwithstanding the agreement, the *status* of the case in the circuit court, in so far as the assessment of damages was concerned, was the same as if it had been appealed by both parties upon that question. See the cases of *McMahon* v. *Cincinnati, etc., R. R. Co.,* 5 Ind. 413, and *Swinney* v. *Fort Wayne, etc., R. R. Co.,* 59 Ind. 205.

The real question between the parties does not depend upon which party excepts and appeals; but the same question is to be tried, whether the appeal is taken from the award by the

petitioner or the land-owner. And as this court has held that where the appeal is taken by the land-owner he shall have the open and close, and where the appeal is taken by agreement the land-owner shall have the open and close, and in accordance with what seems to be the weight of authority outside of this State, we hold that when the exceptions have been filed and an appeal taken by both the parties, the land-owner has the right to open and close the cause. There was no error in this ruling of the court.

Of the instructions complained of in the motion for a new trial, the following language, in the second instruction, is objected to by appellant in its brief: "And if you find from a preponderance of the evidence that the defendant Cook has sustained damages from the appropriation of his real estate, the measure of his damages would be the value of the land appropriated and taken, together with the damages, if any, to the residue of the land owned by him, by reason of such appropriation; also the costs of fences necessary, if any, and their maintenance; also inconveniences, if any, that are occasioned by such appropriation by the defendant, in the use and enjoyment of his farm."

The objection to this clause of the second instruction is, that it tells the jury they may allow double damages, first, general (that includes all), and then specific added thereto.

We do not think the language is liable to that construction, especially when taken in connection with the whole instruction. The first clause thereof tells the jury that the question for them to determine is the amount of damages, if any, that the defendant has sustained on account of the appropriation; and in the second clause, in estimating the damages, the court first calls the attention of the jury to the direct damages to the land, the value of the land taken and diminution of the value of the other lands of the defendant not taken, and tells the jury that they may also find the consequential damages, such as the costs of fences and inconvenience in the use of the farm. The instruction might have been

-worded differently, so as to make its meaning more definite, by the use of the word "including," instead of " also." But we do not think the language was calculated to mislead the jury, and cause them to assess double damages. Taking all the instructions together, we think the law was correctly stated to the jury, and in such cases, if one clause of an instruction, taken abstractly, should be doubtful or erroneous, it is harmless, and not sufficient ground for reversing the judgment.

There was no error in overruling the motion for a new trial. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed April 4, 1885; petition for a rehearing overruled June 24, 1885.