No. 12,600.

## CONWELL ET AL. *v.* TATE ET AL.

DRAINAGE.—*Remonstrance.*—*Burden of Issue.*—A land-owner, who remon- strates on the single ground that his land is assessed for too much, has the burden of the issue.

From the Howard Circuit Court.

*M. Bell* and *W. C. Purdum,* for appellants.

*J. C. Blacklidge, W. E. Blacklidge, B. C. H. Moon, J. W. Kern, J. W. Cooper, B. F. Harness, J. F. Elliott* and *L. J. Kirkpatrick,* for appellees.

ELLIOTT, J.—The appellees, proceeding under the law of 1883, petitioned for a ditch, and the appellants remonstrated. A single cause of remonstrance was stated, namely, the third

statutory cause, that the lands of appellants were assessed for too much. We think that this remonstrance narrowed the issue to a single question, and that is this: Was the amount of benefits assessed against the appellants' lands too large? The only controverted point, therefore, was as to the amount of the assessment; there was no other issue.

It is asserted by counsel that the case of *Neff* v. *Reed*, 98 Ind. 341, decides that in such a case as this, the burden is on the petitioners. We do not so understand that case, for there many of the facts essential to the success of the petitioners were controverted by the remonstrance; while here the only point in dispute is as to the amount of the assessment. What we have said of *Neff* v. *Reed, supra,* disposes of the argument built on *Schmied* v. *Keeney,* 72 Ind. 309.

We regard the case, as to the right to open and close, as governed by the principle decided in the cases of *Evansville, etc., R. R. Co.* v. *Miller,* 30 Ind. 209, and *Indiana, etc., R. W. Co.* v. *Cook,* 102 Ind. 133. In the first of these cases it was said: "Inasmuch as no question but the measure of damages was presented in the circuit court, there was no error, we think, in giving the appellee the right to begin." This doctrine was approved in the case cited and many authorities referred to which fully sustain it. We can perceive no reason why this principle should not apply here, and it certainly is the rule in analogous cases. *In the Matter of John and Cherry Streets,* 19 Wend. 659.

The general rule in cases of this general character is, that only such objections and questions as are presented below will be considered on appeal. *Updegraff* v. *Palmer, post,* p. 181; *Thayer* v. *Burger,* 100 Ind. 262; *Meranda* v. *Spurlin,* 100 Ind. 380; *Anderson* v. *Baker,* 98 Ind. 587; *Higbee* v. *Peed,* 98 Ind. 420. These cases establish the rule that the issue is that joined in the trial court, and it was held in *Reed* v. *Brenneman,* 89 Ind. 252, that upon such an issue as that here joined, the land-owner has the burden. This is in accordance with the principle declared in *Evansville, etc., R. R.*

*Co.* v. *Miller, supra;  Indiana, etc., R. W. Co.* v. *Cook, supra.* Upon these authorities it must be held that the trial court did right in holding that the appellants should open and close the case.

