Filed April 4, 1895.

---◆---

No. 1,423.

THE CONSUMERS' GAS TRUST COMPANY v. HUNTSINGER.

BURDEN OF PROOF.—*Appeal From Appraisers' Award.—Gas Mains.—Trial De Novo.—Open and Close.*—If a gas company appeal from an award of damages by appraisers, for appropriation of land by the company for its mains, the trial on appeal is *de novo,* and the burden is on the land-owner to prove his damages, and he is entitled to the open and close.

SAME.—*Railroad Right of Way.—Easement for Gas Mains.—Appeals From Award of Appraisers Governed by Same Rules in Both Cases.*—Gas companies wishing to acquire easements over lands are placed practically on the same footing with railroad companies wishing to condemn lands for rights of way, and appeals from awards of appraisers, in either case, are governed by the same rules.

From the Hancock Circuit Court.

*R. N. Lamb* and *R. Hill*, for appellant.

*H. C. Ryan*, for appellee.

REINHARD, J.—We take the following substantially accurate statement of the facts of this case from the appellant's brief:

On August 29, 1891, appellant filed in the office of the clerk of the Madison Circuit Court its instrument of ap-

propriation of a right of way to lay its pipe line in land of appellee, namely, the northwest quarter of the northwest quarter of section eighteen (18), town nineteen (19), range seven (7), in Madison county.

Proper notice of the hearing of the application for the appointment of appraisers on August 31st was given, and such proceedings were had that on the 12th of September, 1891, appraisers were appointed to assess the damages to appellee resulting from the appropriation asked for.

On September 16th, the appraisers made their report assessing appellee's damages at four hundred dollars.

On the same day, appellant paid to the clerk of the Madison Circuit Court the sum of four hundred dollars, so assessed, and costs taxed at twenty dollars and thirty cents, and filed its exceptions to the assessment of damages so made by the appraisers, and also filed an affidavit for a change of venue from Madison county.

On the 5th of October, 1891, a change of venue was granted, and the case was sent to Henry county.

On the 6th of September, 1892, appellee filed his affidavit for a change of venue from Henry county, which was granted, and the case was sent to Hancock county. This was the only action taken in Henry county.

The case was tried by a jury in Hancock county, the trial beginning on the 28th of September, 1893, and ending on the 3d day of October, with a verdict in favor of appellee for five hundred and twenty dollars.

The jury returned with their general verdict answers to interrogatories presented by appellant.

On the 11th of November, 1893, appellant filed its motion for a new trial.

Pending this motion appellee remitted all of the amount found in his favor in excess of four hundred dollars.

On the same day, May 18, 1894, the court overruled appellant's motion for a new trial, to which ruling appellant excepted, and was given sixty days to file a bill of exceptions, and the court rendered judgment for four hundred dollars damages and costs against appellant and in appellee's favor.

The assignment of errors calls in question the propriety of the court's action in overruling appellant's motion for a new trial, and rendering final judgment on the verdict.

As appears by appellant's bill of exceptions No. 1, upon the calling of the cause for trial, both parties moved for leave to open and close the case. Appellant's motion was overruled and proper exception taken, and appellee's motion was sustained and proper exception also taken. This is made the seventh ground of motion for a new trial. Appellant's contention on this point is as follows:

"Appellant sought to obtain a right of way for laying its gas mains, and made its proper application by filing its instrument of appropriation and obtaining the appointment of appraisers in accordance with the provisions of the statute in such cases. These appraisers were appointed and made their examination, and reported damages in favor of appellee to the amount of four hundred dollars. With this assessment appellee was content, but appellant contended that the assessment was too large, and filed its exceptions, and appealed from the assessment to the circuit court, and to enable it to take immediate possession of the right of way, and lay down its pipe line, it paid the money (four hundred dollars) to the clerk of the court as the statute required. It is thus apparent, beyond question, that the appellant had the burden of the issue to show that the assessment of damages was too large. This burden being upon the

appellant, under section 542, R. S. 1894 (533, R. S. 1881), which provides that the party upon whom rests the burden of the issues must first produce his evidence, appellant, as it appears to us, was clearly entitled to introduce evidence showing what it claimed, namely, that the assessment of damages made by the appraisers was too large, and to open and close the case. All that appellee claimed, or could claim, under the state of facts existing at the time the trial began, was that the assessment made by the appraisers was not too large. As he had filed no exceptions to the report of the appraisers he was conclusively presumed to be content with that assessment of damages. If no evidence had been introduced by either side, the judgment in the case would necessarily have been that appellee was entitled to the four hundred dollars which the appraisers had reported in his favor. It required proof to be introduced by the appellant showing that the assessment of damages by the appraisers was too large to justify any change in the amount appellee was entitled to. This fact clearly placed the entire burden of the issues upon the appellant, and under the section above referred to, appellant was clearly entitled to introduce its evidence first, and open and close the argument in the case.''

If, as appellant's counsel contend, the only issue to be tried in the court below was whether the damages assessed by the appraisers were too high, then we think the conclusion contended for by them that appellant had the burden and was entitled to the open and close, is also correct. But, is it true that this was the issue?

The position of appellee's counsel is that on appeal the case must be tried *de novo*, and that the only question for trial is: Is the land owner entitled to any damages, and, if so, how much?

The difference between counsel on opposite sides is

this:   Appellant's counsel insist that if no evidence at all were offered at the trial, the appellee would still be entitled to recover what the appraisers awarded him, while the appellee's counsel contend that in the absence of any evidence the appellee could not recover anything.

The law relating to voluntary associations, organized for the purpose of drilling and mining for petroleum or natural gas, provides how such associations may appropriate and condemn real estate for the purpose of conducting gas to the patrons of such companies within this State, etc.   It gives such companies the right, by their officers, agents, and servants, to enter upon the lands and waters of any person and make such examination and survey as may be necessary to the selection of the most advantageous routes for their trenches and pipes; to locate, lay out and construct its said trenches on such lands and waters, not exceeding one rod in width for a single pipe line, and to enter and go upon such right of way at any time, and without hindrance, for the purpose of digging the trenches and laying the pipe, and inspecting, operating, and repairing the same.

If the association seeking to make such an appropriation, or to acquire an easement for the purpose of piping and conducting natural gas to its patrons, is not able to agree with the owner of the land, the company shall make and deposit with the clerk of the proper court an instrument of appropriation, and shall tender the land owner payment of the damages, as in the act provided.

Upon filing of the instrument or act of appropriation, the court or judge thereof, shall appoint three disinterested freeholders of the county, to appraise the damages, and after the making of such appraisement, the assessment shall be returned to the clerk of such court, where-

upon the company shall pay to the clerk or tender to the proper party the damages awarded. On making such payment or tender, the company becomes the holder of the interest in said lands, so appropriated for such uses. It is further provided that any person aggrieved by the action or assessment of any appraisers may appeal to the circuit court, "under the same provisions and subject to the same restrictions, as provided for in cases of appeals from assessments under the laws of this State, for the appropriation of real estate for rights of way of railroads, as provided by an act of the General Assembly of the State of Indiana, in force May the 6th, 1853, and all acts amendatory thereto." Acts 1889, p. 22, *et seq.*

In view of this enactment, we think natural gas companies desiring to acquire easements over the lands of persons are placed practically on the same footing with railroad companies wishing to appropriate and condemn lands for rights of way, and appeals from the award of the appraisers in either case, are governed by precisely the same rules. We must therefore look to the law governing the appropriation of lands for railroad purposes. R. S. 1881, section 3907 ( R. S. 1894, section 5160).

In the section just cited it is provided that the award may be reviewed in the circuit court on exceptions filed by either party, within ten days after the filing of such award; "and the court shall take such order therein as right and justice may require, by ordering a new appraisement, on good cause shown," etc.

It would seem from the surface reading of the foregoing section that the proper practice in such proceedings is, in case the award is found to be either inadequate or excessive, not to assess the damages as upon a trial *de novo*, but to remand the matter to a new board of arbitrators for a new appraisement. As this question was not raised, however, in the lower court, and as both

parties acted upon the assumption that it was within the power of the jury to assess the proper damages in their verdict, and of the court to render judgment for the same, and as no question is made in this court as to what is the proper practice in such proceedings, it will not be necessary for us to decide the point mentioned. The only question with which we are now dealing is as to the burden of proof.

We think the question has been fully settled by the Supreme Court in the case of *Indiana, etc., R. W. Co.* v. *Cook*, 102 Ind. 133. It was there held that in all such cases the result of the appeal is to set aside the report of the appraisers, and to try *de novo* the question as to the amount of damages the same as if there had never been any appraisement. From this fact the court concluded that the burden of the issue was upon the land-owner to prove his damages, and he was entitled to the open and close.

The case cited contains a review of the cases, and seems to be well considered. We regard the case as decisive of the question before us, notwithstanding that in that case the appeal was by both parties. See, also, *Grand Rapids, etc., R. R. Co.* v. *Horn*, 41 Ind. 479; *Peed* v. *Brenneman*, 89 Ind. 252; *Evansville, etc., R. R. Co.* v. *Miller*, 30 Ind. 209.

There was no error in the ruling of the court awarding the appellee the open and close.

The overruling of the motion for a new trial presents a number of other questions. These relate to the admission and rejection of evidence, the giving and refusal of instructions, and whether the damages assessed were excessive.

We have carefully examined all these questions, and have arrived at the conclusion that no reversible error was committed in connection with any ruling of the

court brought here for review.   No new and important questions are involved in these rulings, and it would serve no useful purpose to enter upon a consideration of all the points presented in detail.   The damages assessed appear high at first blush, but as the court and jury were in possession of all the facts and could judge of the matter better than we can, we do not see how we can disturb the judgment on that account.

Judgment affirmed.

Filed March 21, 1895.