## INDIANAPOLIS & CINCINNATI TRACTION COMPANY v. SHEPHERD.

[No. 5,373. Filed June 6, 1905.]

1. TRIAL.—*Eminent Domain.—Railroads.—Damages.—Right to Open and Close.*—In a railroad condemnation proceeding the burden of proving damages is on the landowner, and he has the right to open and close. p. 602.

2. EVIDENCE.—*Eminent Domain.—Railroads.—Damages.—Cost and Sale Price of Land.*—Where the landowner, in a railroad condemnation proceeding, testifies as to the value of the land sought to be condemned, the railroad company, on cross-examination, may show what such landowner paid for such land and what he received for a portion of such land which he had sold. p. 603.

From Rush Circuit Court; *Douglas Morris,* Judge.

Condemnation proceeding by the Indianapolis & Cincinnati Traction Company against Samuel Shepherd. From a judgment for Shepherd, said company appeals. *Reversed.*

*Smith, Cambern & Smith,* for appellant.
*Watson, Titsworth & Green,* for appellee.

COMSTOCK, C. J.—The appellant filed its instrument of appropriation, asking that appraisers be appointed to assess the damages that might be sustained by appellee on account of the appropriation of a strip of ground for railroad purposes. The appraisers were appointed and made their award, and exceptions were filed to this award by the appellant, on the ground that the same was excessive. To the complaint asking that appraisers be appointed, the demurrer of the appellee was overruled, and an answer of general

denial filed.    A trial by jury resulted in a verdict for appel-
lee in the sum of $400.    Appellant's motion for a new trial
was overruled, and judgment rendered on the verdict.

The only error assigned is overruling appellant's motion
for a new trial, and all the reasons for a new trial are waived
except three, namely: Errors of law occurring at the trial
in this: (1) Refusing to allow the appellant to assume the
burden of proof and the right to open and close the case;
(2) refusing to allow appellant to ask appellee on examina-
tion what he had paid for the real estate in controversy; (3)
refusing to allow appellant to ask appellee what he had
received for part of said real estate sold by him to one
Moore.    These questions will be discussed in the order
named.

1.    "Where proceedings to condemn are instituted by the
party seeking the property, and the question of 'just com-
pensation' is submitted to a jury or commission as part of
said proceeding, the question as to which party has the bur-
den of proof is one upon which the authorities conflict.    In
the states of Indiana, Massachusetts, Minnesota, Nebraska,
New York, Oregon, South Carolina, Arkansas and Califor-
nia it is held that it is incumbent on the owner in the first
instance to prove the amount of compensation to which he is
entitled; while in Alabama, Illinois, Georgia, Ohio, Texas,
Tennessee and Washington the decisions hold that the bur-
den is on the party seeking to condemn." 5 Ency. Ev., 191.

Consistently with the proposition that the burden is upon
the owner to prove the amount of his damages, the following
cases hold that he is entitled to open and close: *Evansville,
etc., R. Co.* v. *Miller* (1868), 30 Ind. 209; *Grand Rapids,
etc., R. Co.* v. *Horn* (1873), 41 Ind. 479; *Indiana, etc., R.
Co.* v. *Cook* (1885), 102 Ind. 133; *Consumers Gas Trust
Co.* v. *Huntsinger* (1895), 12 Ind. App. 285.    See, also,
*Peed* v. *Brenneman* (1883), 89 Ind. 253, upon the general
proposition that the party upon whom rests the burden of

the issues has the right to open and close. It appears from an admission made part of the record that the parties disagreed only as to the value of the land sought to be condemned. In *Grand Rapids, etc., R. Co.* v. *Horn, supra,* and *Evansville, etc., R. Co.* v. *Miller, supra,* this was the only question to be determined by the jury. These cases are therefore directly in point. The court did not err in giving the opening and closing to appellee.

2. The appellee testified as a witness in his own behalf as to the value of the land before and after the railroad should be located across it, and identified the land as some he had bought from a Mrs. Glass, and on cross-examination appellant's counsel asked him how much he paid for the land, to which question appellee objected; and appellant offered to prove by the same witness that he paid $1,750 for the 32½ acres that he bought from Mrs. Glass, it being a part of the land now involved in this controversy. The court sustained the objection, and refused appellant's offer.

Appellee also testified that he sold twenty-eight acres of this land to John P. Moore, leaving in the tract in controversy four and one-half acres. Appellant had appropriated for its right of way a strip four rods wide off of the south side of this four and one-half acre tract amounting to about one and one-tenth acres. Appellant's counsel then asked appellee how much he received for the twenty-eight acres sold to Moore, but the court refused to allow him to answer; and appellant offered to prove that he received $1,500 for the twenty-eight acres, but the court refused the offer. One of the questions involved was the value of the four and one-half acre tract owned by appellee before the company located its tracks over it. The appellee had testified it was worth $900, and also testified that other farm land in the neighborhood was worth from $90 to $125 per acre; that there were no buildings or other improvements on this land. The question presented is not as to the weight,

604   APPELLATE COURT OF INDIANA,

Indianapolis, etc., Traction Co. *v.* Shepherd—35 Ind. App. 601.

but as to the competency of the proposed evidence. The evidence rejected was calculated to throw light upon the value of the land in controversy. It might have been entitled to but little weight, and appellee would have had the privilege of showing all the facts and circumstances which might have affected the consideration paid for the land at the time or times named, but the evidence was relevant on the question of value.

In Gillett, Indirect and Collat. Ev., §79, it is said: "There is a distressing conflict upon the authorities as to the right of a party producing a witness as to value to prove by such witness the prices received in recent sales of like property in the same neighborhood. The courts of Massachusetts, New Hampshire, Illinois, Wisconsin, Iowa, Kansas and Washington may be cited as supporting the affirmative of this proposition, while the negative is maintained by the courts of New York, Pennsylvania, New Jersey, Georgia, Missouri, Minnesota and California. As respects the objection that such evidence is collateral, it may be a sufficient answer that in determining the question as to the value of property, the witnesses must, in their own mental operations, draw largely upon the same collateral considerations. * * * If the criterion was inherent value, there could be no warrant for an examination into collateral instances, but as actual sales are at least a part of the *indicia* of market value, evidence of other sales can scarcely be regarded as collateral."

While the right of a party producing a witness to make proof in the direct examination of the amounts realized from other sales may be in doubt, we are of the opinion that upon cross-examination such inquiry should be permitted, the jury being entitled to all the facts calculated to aid them in determining the value of the property in question.

The difference in the value, if any, fixed by appellee upon this property, or upon parts of it, might or might not affect

his testimony in the estimation of the jury, depending upon the conditions and circumstances attending each particular sale. The excluded evidence should have been admitted.

Judgment is reversed, with instructions to sustain appellant's motion for a new trial.