## INDIANAPOLIS AND CINCINNATI TRACTION COMPANY *v.* WILES ET AL.

[No. 21,599.    Filed March 10, 1910.    Rehearing denied May 13, 1910.]

1.  EMINENT DOMAIN.—*Interurban Railroads.—Damages.—Right to Open and Close.*—In an eminent domain proceeding by an interurban railroad company, where the amount of damages is the only question involved, the landowner has the right to open and close.  p. 238.

2.  EVIDENCE.—*Admissions.*—Ordinarily the admissions of a party are admissible in evidence against him.  p. 239.

3.  EMINENT DOMAIN.—*Damages.—Contracts to Sell Made by One Joint Defendant.—Evidence.—Admissions.*—A written offer by one joint defendant to accept a certain sum for a railroad right of way across lands owned by himself and others jointly, is not admissible in evidence against them in an appropriation proceeding against them jointly.  p. 239.

4.  EVIDENCE.—*Admissions of One Joint Defendant.—Cross-Examination.—Impeachment.*—A written admission of one joint defendant is not admissible in evidence against the joint defendants, but such defendant may be interrogated on cross-examination concerning it, and if he denies or fails to explain it, it may be admitted in impeachment.  p. 240.

5.  EMINENT DOMAIN.—*Damages.—Offer by Witness.—Admissibility of, in Evidence.*—In a condemnation proceeding to appropriate an interurban railroad right of way, the company is not entitled to have a witness testify as to what he would be willing to pay for the land after the appropriation, the test of damages being the difference in the fair cash market value before and after the appropriation.  p. 240.

6.  APPEAL.—*Briefs.—Failure to Point out Evidence Supporting Questioned Instructions.*—Where appellant fails to point out evidence showing the applicability of refused instructions, they will be presumed to be inapplicable to the evidence.  p. 241.

7. EMINENT DOMAIN.—*Interurban Railroads.*—*Rights of Way.*—*Fencing.*—*Crossings.*—*Instructions.*—Instructions in an interurban right of way condemnation proceeding that in estimating the damages, the company's failure to fence should not be considered, and the obligation upon the landowners to put in gates at the farm crossings should be considered, are correct. p. 241.

8. EMINENT DOMAIN.—*Interurban Railroads.*—*Damages.*—*Burden of Proof.*—*Instructions.*—*Harmless Error.*—In an interurban right of way condemnation proceeding, where both parties excepted to the award of damages, an instruction that the company has the burden to prove that the damages were excessive, the amount of the award, however, being unknown to the jury, is rendered harmless by another instruction given immediately afterward, that the landowners could recover only the amount of damages that had been shown by a fair preponderance of the evidence. pp. 242, 243, 244.

9. EMINENT DOMAIN.—*Interests Appropriated.*—In exercising the right of eminent domain a party may probably leave in the owner certain rights and privileges in the land not inconsistent with the use to be acquired. p. 242.

10. EMINENT DOMAIN.—*Interurban Railroads.*—*Damages.*—*Promissory Obligations as to Farm Crossings.*—*Instructions.*—An instruction, in an interurban railroad condemnation proceeding, that the jury might take into account any stipulations in the articles of appropriation for the company's construction of the necessary farm crossings, is erroneous in favor of the company, no reduction of damages being permissible therefor unless such stipulations have been accepted. p. 243.

11. EMINENT DOMAIN.—*Award of Damages.*—*Exceptions.*—*Appeal.*—*Trial.*—The filing of proper exceptions to an award of damages in an eminent domain proceeding vacates the award, and brings the case before the court for a trial *de novo*, the jury having no right to know of such award. p. 243.

12. EMINENT DOMAIN.—*Interurban Railroads.*—*Damages.*—*Farm Crossings.*—*Expenses of.*—*Speculative.*—*Instructions.*—An instruction, in an interurban railroad condemnation case, that in estimating the landowners' damages the jury might consider the obligation upon such landowners to erect and maintain gates in the lines of fences across such right of way, and to keep them securely fastened, as required by statute, does not authorize speculative damages, though there was no direct evidence on the subject. p. 244.

From Fayette Circuit Court; *George L. Gray*, Judge.

Condemnation proceedings by the Indianapolis and Cincinnati Traction Company against Joseph B. Wiles and

others.   From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Florea & Brouddus* and *Smith, Cambern & Smith,* for appellant.

*Reuben Conner, Lon Conner, Allen Wiles* and *Raymond Springer,* for appellees.

MONTGOMERY, J.—Appellant instituted this action to condemn and appropriate a portion of appellees' lands for a right of way for an electric railroad.   Appraisers were appointed, and to their award of damages both parties excepted.   The cause, upon exceptions as to the damages sustained, was submitted to a jury for trial, and a verdict for $820 returned in favor of appellees.

The overruling of appellant's motion for a new trial has been assigned as error.   The grounds for the motion relied upon are, error of the court in denying to appellant the right to open and close in the introduction of evidence and in argument to the jury, in excluding exhibit B, offered by appellant, in refusing to allow a witness to state what he would pay for certain parcels of appellees' land after the construction of the proposed road, and in giving and refusing to give certain instructions.

It is first insisted that the trial court should have permitted appellant to assume the burden of the issue, and should have given it the right to open and close in 1.   the presentation of evidence and the argument.   The only issue for trial was the amount of damages, if any, to which appellees were entitled, as the result of the appropriation of their lands described in the complaint. The law is well settled in this State, that upon such issue the landowner is entitled to the right to open and close, and this rule was not changed or affected by the eminent domain act of 1905 (Acts 1905 p. 59, Acts 1907 p. 306, §§929-940 Burns 1908).   *Wilson* v. *Talley* (1896), 144 Ind. 74; *Roger* v. *Venis* (1894), 137 Ind. 221; *Conwell* v. *Tate*

(1886), 107 Ind. 171; *Indiana, etc., R. Co.* v. *Cook* (1885), 102 Ind. 133; *Peed* v. *Brenneman* (1883), 89 Ind. 252; *Grand Rapids, etc., R. Co.* v. *Horn* (1873), 41 Ind. 479; *Evansville, etc., R. Co.* v. *Miller* (1868), 30 Ind. 209; *Douglas* v. *Indianapolis, etc., Traction Co.* (1906), 37 Ind. App. 332; *Indianapolis, etc., Traction Co.* v. *Shepherd* (1905), 35 Ind. App. 601; *Consumers Gas Trust Co.* v. *Huntsinger* (1895), 12 Ind. App. 285.

Appellee Joseph B. Wiles was a witness in his own behalf, and testified to damages, aggregating $1,105, resulting from the appropriation. Appellant offered in opposition to said testimony a written contract signed by said Wiles and others, in which they agreed to convey to appellant, for the sum of $218, substantially the same rights sought to be appropriated. The writing was excluded, and appellant complains of this ruling.

Appellant's counsel say that no reason was assigned, and that they do not know why the proffered evidence was rejected. We may add that we are left to surmise the theory upon which it was offered and regarded by them as admissible. The admissions of a person against his interest are ordinarily competent evidence in favor of his adversary. If, in this case, Joseph B. Wiles had been the sole owner of the lands involved, the paper would doubtless have been competent as an admission. One tract of land was owned jointly by Joseph B. Wiles and George Wiles, and the other by Joseph B. Wiles, George Wiles and Ross Wiles. It is manifest therefore that this admission, if received as evidence against Joseph B. Wiles alone, and given any weight, would have reduced the amount of recovery in which innocent persons must necessarily share. The damages were assessed as an entirety as to each tract of land, and any evidence received against Joseph B. Wiles must, of necessity, be considered by the jury, and operate *pro tanto* against his coparties. In such circumstances the admissions of a

person acting for himself alone, made outside the presence of the other parties in interest, are incompetent. *Hayes* v. *Burkam* (1879), 67 Ind. 359; *Roller* v. *Kling* (1898), 150 Ind. 159; *Carpenter's Appeal* (1902), 74 Conn. 431, 51 Atl. 126; *Hertrich* v. *Hertrich* (1901), 114 Iowa 643, 87 N. W. 689, 89 Am. St. 389; *Britton* v. *County of Worcester* (1877), 123 Mass. 309; *O'Connor* v. *Madison* (1893), 98 Mich. 183, 57 N. W. 105; *Prewett* v. *Coopwood* (1855), 30 Miss. 369; *Wood* v. *Carpenter* (1902), 166 Mo. 465, 66 S. W. 172; *Eakle* v. *Clarke* (1869), 30 Md. 322.

The amount of damages sustained by appellees was the question at issue, and this was to be shown by the testimony of competent witnesses. The attempted purchase had failed and had been abandoned, and the writing was neither a contract fixing the amount of recovery, nor primary or substantive evidence upon the question on trial. Appellee Joseph B. Wiles might properly have been asked on cross-examination, for the purpose of breaking down or lessening the force of his testimony as to damages, whether he had not previously agreed to convey to appellant the lands and rights herein sought to be appropriated, upon like or similar conditions, for a consideration of $218. *Indianapolis, etc., Traction Co.* v. *Shepherd, supra.* The witness might then deny or affirm the assumed fact. If the fact were admitted, an opportunity of explaining the disparity in his claims would have been afforded. If the question were answered in the negative, the writing with proper preliminary proof might have been competent impeaching evidence. No error was committed in excluding the writing as offered in evidence.

Appellant's witness Murphy testified as to the value of the several tracts of land before and after the construction of the road. Appellant sought to show further that the witness would be willing to buy the parcels of land south of the road at the valuations fixed in his

testimony. The court properly excluded the offered evidence. The damages are to be determined by the fair cash market value of the land before and after the appropriation of which complaint is made. It is manifest that the practice proposed would lead to grave abuses. The witness could not be bound by such a statement; and the price, whether too high or too low, which some particular person might be willing to pay, for reasons of his own, cannot become the true standard of value. *Chicago, etc., R. Co.* v. *Kelly* (1906), 221 Ill. 498, 77 N. E. 916.

Appellant requested the court to give a number of instructions setting forth certain facts and circumstances which should not be considered by the jury in computing damages. In the narrative of evidence contained in appellant's brief, the testimony covers only opinions of the various witnesses as to the value of the lands, and our attention has not been called to any evidence in the record which would make the proffered instructions relevant or material to this case. In the absence of such reference to the record, we must presume that these instructions were refused because not pertinent or applicable to the evidence.

The jury was instructed, at appellant's request, that in assessing damages it should not consider the fact that appellant had failed to fence its right of way, and also that it might consider the obligation resting upon appellees to put in gates at farm crossings, and to keep them securely closed. It is contended that these instructions were contradictory and misleading. We cannot concur in this view. The instructions in both instances were proper, and, taken together, correctly informed the jury upon the law governing the fencing of appellant's right of way.

The jury was instructed that appellant had the burden of proving the material allegations of its exceptions filed

herein. The exception of appellant, in substance, was that the damages awarded by the appraisers were excessive. The jury was not advised as to the amount of such award, and the instruction was practically meaningless. The trial before the jury was *de novo*. In the next instruction the jury was advised that appellees could only recover such damages as each had proved by a fair preponderance of the evidence in the cause. We are of opinion that, under the circumstances, the instruction complained of was harmless. The court instructed the jury that it might take into account any contractual stipulations by which appellant had agreed to construct and maintain a passageway for stock under its roadbed, and to erect and maintain wing fences at private crossings over its right of way, and whether such agreements, or any of them, had been performed by appellant.

In its complaint for this appropriation appellant had inserted certain reservations for the benefit of the landowners, and other promissory stipulations of the character indicated in this instruction; and in the order appointing appraisers the court had adjudged that the appropriation be made subject to such reservations and stipulations.

Appellant complains of this instruction, and insists that such promissory stipulations should stand like its statutory obligation to fence its right of way. It is pretty well settled that in exercising the power of eminent domain a party may limit the rights to be appropriated, and reserve to the owner of the land certain rights and privileges not inconsistent with the public use to be acquired. *St. Louis, etc., R. Co.* v. *Clark* (1894), 121 Mo. 169, 25 S. W. 192, 26 L. R. A. 751; *St. Louis, etc., R. Co.* v. *Postal Tel. Co.* (1898), 173 Ill. 508, 51 N. E. 382; *Mobile, etc., R. Co.* v. *Postal Tel. Cable Co.* (1899), 76 Miss. 731, 26 South. 370, 45 L. R. A. 223.

A proprietary right reserved in the owner of the fee and not appropriated is quite a different thing from a promis-

sory stipulation made on its own motion by the condemning party. A landowner is not obliged to accept or be bound by such promises, but may insist upon full pecuniary compensation for property appropriated against his will, together with resultant damages. In the instruction before us, the court was dealing with promissory or contractual stipulations, and not with reservations; and in the absence of evidence that appellees had accepted and agreed to such contractual obligations as appellant had included in its complaint, this instruction was more favorable to appellant than the law warrants. *Old Colony R. Co.* v. *Miller* (1878), 125 Mass. 1, 28 Am. Rep. 194; *In re New York, etc., R. Co.* (1888), 49 Hun 539, 2 N. Y. Supp. 478. It is clear that appellant had no ground to complain of the instruction as given.

As no harmful error is shown in the record, the judgment is affirmed.

## ON PETITION FOR REHEARING.

MONTGOMERY, J.—Appellant's counsel insist that the instruction, that appellant had the burden of proving the material allegations of its exceptions, was in conflict with other instructions, and should be regarded as harmful and reversible error. This instruction was conflicting so far as it conveyed any intelligible information to the jury, and the giving of it was erroneous. The filing of timely exceptions to the award of damages vacated the award, and brought the question of damages before the court for trial *de novo* as a civil action. The jury could not properly know the amount of such award, and hence could not know what, if any, burden was imposed on appellant by this instruction. The exception to the award was not in the nature of an answer in bar, the burden of proving which was wrongfully cast upon appellant, but its only effect was to bring the question of dam-

ages before a judicial tribunal for trial. It seems clear to us, therefore, that this charge did not impose any substantial hardship upon appellant, but only, in terms, assigned to it a burden which was a mere shadow, without weight or significance. When the court in the next instruction correctly advised the jury that appellees could only recover such damages as each had proved by a fair preponderance of the evidence, it would appear impossible that the jury could have been misled by the preceding charge, so as to prejudice the substantial rights of appellant. In this belief we held that the instruction of which complaint is made was harmless, and on reëxamination we are still clearly of that opinion.

Appellant complains further of the giving of the eighth instruction, which was as follows: ''The statute further provides that when private ways are maintained over the right of way of the plaintiff, in such cases as are involved in the present proceedings, the owners shall, if said right of way is fenced, erect and maintain substantial gates in the line of such fence or fences across such way, and keep them securely fastened and closed, when not in use by themselves, or employes. And in assessing damages in this case you may take into consideration these obligations upon the part of the landowner, but such obligations, as an element of damages, must be confined to the costs and vigilance required to maintain them.'' It is argued that there was no evidence as to what it would be worth or how much vigilance would be required to keep the gates closed, and it would be wholly speculative as to the amount of costs and vigilance required to keep the gates closed. We cannot concur in the views of appellant's counsel. The instruction correctly advised the jury that the law requires the landowner to keep such gates closed when not in use. Evidence upon such incidental and subsidiary matters as the cost and vigilance necessary to keep such gates closed would not have been proper, and the instruc-

tion criticized did not direct the jury that it might consider
such items in estimating damages. The jury was told
merely that it could take into consideration, in determin-
ing damages, "the costs and vigilance required to main-
tain them." In giving their estimates of the value of the
adjoining tracts of land after the construction of appel-
lant's road, the witnesses must have taken into account the
matter of erecting and maintaining gates at necessary pri-
vate crossings. This burden could be estimated and weighed
by good husbandmen and competent witnesses with as much
accuracy and certainty as the cost and vigilance required
to erect and maintain additional fencing made necessary
by the laying out and opening of a public highway through
an enclosed farm. The instruction is not open to the charge
of introducing uncertain and speculative items to the con-
siderations of the jury, but is a fair and correct statement
of the law applicable to the subject under consideration.
We find no justifiable ground for modifying the conclusion
announced in the original opinion, and appellant's petition
for a rehearing is accordingly overruled.