*Gardine:b, J.
 

 According to the section of the act under which the proceedings in this L case were taken (Laws 1838, p. 199), the corporation, on complying with the terms of the statute, were to "be deemed the owners of the land taken, in fee-simple.”
 

 As the right to apply for the appointment of appraisers is made dependent upon the failure to obtain the land required, by agreement (§ 5), and as the proceedings, if regular, bind married women, infants, lunatics, and idiots (§ 10), the corporation must show, upon the face of the record, a substantial compliance with every requirement of the statute, and, in the act itself, an express authority to the appraisers for every exercise of power affecting the interest of the owner.
 

 The petition of the railroad company is in the usual form, referring to the statute, and " describing the lands required for the purpose of the new road,” without any qualification or condition as to the interest therein to be acquired. They were entitled to a fee, by the 11th sec
 
 *155
 
 tion above mentioned, if anything, subject to the right of passage by the original owners, according to the provisions of the 12th section, and could be compelled to take nothing less. The owners, on the other hand, had the corresponding right to be compensated for the interest thus taken without their consent. The 8th section, accordingly, declares, that “the appraisers shall assess the value of the land so proposed to be taken, and the damages the owners thereof may sustain by taking their lands, by injury, to buildings, and in the construction of such road, without any deduction on account of any real or supposed benefit which such owner may derive from the construction of such road.”
 

 This is the power conferred upon the appraisers, and the whole of it. In their certificate, made in accordance with the 9th section, they state, “ the damages awarded to the said owners by the said appraisers are $1800. This award is based on the supposition, and
 
 made on *ihe cmditiori,
 
 and with the
 
 understanding,
 
 that J Hill and Aldrich, the owners, are to be at liberty, at any time, to open a street on the north side of their lot, across said road, and to remove any fences or obstructions to such street, and also to drain under said road, provided the grade and security of said road is not affected thereby.”
 

 It is hardly necessary to affirm, that the appraisers had no authority to arbitrate between these parties. Their duties were defined by the 8th section, which I have quoted. In attempting to reserve privileges to the owners, by way of easement in the lands they were to appraise, they transcend their power, and their award was a nullity. It has never been suggested, that, the railroad company would be bound,
 
 ipso facto,
 
 by the award, without some subsequent act on their part affirmatory of its provisions. They claimed, as we have seen, the fee-simple; and the use to which they were to appropriate the land, involved the right to the exclusive
 
 *156
 
 possession, except, so far as it might be modified by the provisions of the 12th section. (5 Denio 259, 263.)
 

 The award, however, when made, must conclude both, or neither, of the parties. The certificate, it is true, states, that the appraisers have assessed the value of the land, and the damages sustained by the owners, without any deduction on account of any real or supposed benefit which the owners might derive from the construction of the road. But this statement is consistent with the fact, that the appraisers deducted from the damages the full value of the privileges secured to the owners; for these easements were not any part of the real or supposed benefits resulting from the construction. The amount deducted we have no means of ascertaining; entire damages are assessed, without distinguishing by the return those awarded for the land, and the damages, if any, allowed for injuries to buildings, or by the construction of the road.
 

 Cases may be imagined, in which the benefit to the owners, by a privilege of this kind, would exceed the value of the land taken, and where the property was divided by a ravine, or a highway, which the corporation proposed to fill up, or excavate *for the ^ ... ^ track of the road. If the construction in the manner proposed, was a benefit to the owner of the different parcels, he would obtain, under the statute, the value of the land taken, without anything more or .less. If, however, to these advantages should be added the right to open and continue a public highway across the road, the benefit thus derived might exceed the value of the land appropriated. And if this award can be sustained, the appraisers, by making such an easement the
 
 “
 
 basis” of the award, would be justified in allowing mere nominal damages to the owner. This would be a mode of improving owners out of their lands, which is opposed to the whole spirit of the law.
 

 It is said, that railroad corporations should be per
 
 *157
 
 mitted to do as little injury as possible to lands not appropriated for the purpose of their road. This may be conceded; the plan of the road and the mode of its construction must always be before the appraisers, and enter into and modify the assessment of damages. If the grade is subsequently changed, to the injury of owners of land, they, of course, would be entitled to an additional compensation for the damages thus incurred. The advantage attempted to be conferred upon the appellants in this case, was not however incidental, but collateral to the plan of construction; it was a right to open a street and to drain under the road. Eights, which the owners must render available, but which the owners were at liberty to exercise or not, according to their pleasure. Privileges of this kind must depend upon the agreement of the parties; the appraisers have no color of authority in the premises; they could neither compel the corporation to make the grant, nor the owners to accept it. They might, with as much propriety, attempt to prescribe the speed with which the cars should be run across the lands, or require a warranty of title on the part of the owner, as a “ basis” and “ condition” of the award. The judgment of the supreme court should be affirmed.