JOHN H. RIKER AND OTHERS. *v.* THE MAYOR, ALDERMEN, AND COMMONALTY OF THE CITY OF NEW YORK.

The commissioners of estimate and assessment appointed in a proceeding to open a street in the city of New York have no authority to impose any condition to be performed by the owners of lands taken prior to payment to them of the awards made. The statute (Laws of 1813, ch. 86, § 178) under which such commissioners are created, being summary in its nature, should be strictly construed.

The confirmation of the report of the commissioners by the Supreme Court, in a particular case, though conclusive in reference to all acts which the commissioners had the power to perform, is not so as to matters beyond their jurisdiction.

TRIAL before the court without a jury.

The action was brought by the plaintiffs to recover $2,996, the difference between the awards for certain lots taken in the opening of Seventy-fourth street, and the assessments for benefit to adjoining lands arising from the opening of the street. The defendants claimed that the awards were made upon the express condition that the buildings on the lots taken should be removed therefrom, that the removal of such buildings was a condition precedent to the payment of the award, that the plaintiffs had been requested to remove the building and improvements on the lots, but had not done so. On admitted facts, the action was tried before the court without a jury. It was admitted that on one of the three lots taken there was a stone building, which was built thereon prior to 1807, when Seventy-fourth street was first authorized to be laid out on the map or plan of the city, that the commissioners of estimate and assessment reported that any buildings on the lots would be required to be removed therefrom, that the plaintiffs have never, since the confirmation of the report, claimed any estate in the lots, nor ever refused to surrender the same to the defendants, &c.

Judgment was rendered for the plaintiffs, with opinion, as follows :

*Lee & Alvord,* for plaintiffs.

*Richard O'Gorman & John K. Hackett*, for defendants.

BRADY, J.—Statutes authorizing summary proceedings, and by which extraordinary power is given to courts or officers are to be strictly construed. (Sedgwick on Stat'y and Con'l Law, 347, 351 ; *Striker* v. *Kelly*, 2 Denio, 330 ; *King* v. *The Mayor, &c.*, 36 N. Y. 182 ; *Hill* v. *Mohawk & Hudson R. R. Co.*, 7 N. Y. 152.) The commissioners of estimate and assessment, appointed in a proceeding to open a street, are created by such statutes as those referred to, and they have no other powers than those expressly conferred. They are, under the provisions of the act of 1813, chap. 86, § 178, to make a just and equitable estimate and assessment of the loss and damage, if any, over and above the benefit and advantage to the respective owners of the land required for the purpose. They have no authority to impose any condition to be performed by him, prior to payment to the person to whom an award is made (*Hill* v. *Mohawk & Hudson R. R. Co.*, *supra*). When they assume to do it, they act without jurisdiction, and their award, so far as it is conditional, cannot be upheld. The confirmation of their report by the Supreme Court, though conclusive in reference to all acts which the commissioners had the power to perform (*King* v. *The Mayor, &c.*, *supra*), is not so as to matters of which they had no authority. Neither the Supreme Court, nor the consent of the parties interested, could enlarge the powers of the commissioners. When the Legislature provided that the confirmation of the report of the commissioners should be final and conclusive upon all persons, it was with reference to the powers conferred, and with knowledge of the legal construction placed upon similar statutes, that none beyond the power given could be exercised. The commissioners have an abstract duty to perform, clearly stated and easily understood, which must be performed, to be final, in the manner prescribed, and to the extent only which is expressly defined. The plaintiffs are, for these reasons, entitled to judgment.

Judgment for plaintiffs.