IN THE MATTER OF THE PETITION OF THE NEW YORK, LACKAWANNA AND WESTERN RAILWAY COMPANY, APPELLANT, FOR THE APPOINTMENT OF COMMISSIONERS TO TAKE THE LANDS OF CATHERINE MILLER, RESPONDENT.

*Proceeding to condemn lands for railroad purposes — the owner is not obliged to accept an offer of the company to deed land to him which would diminish the damages.*

In a proceeding, instituted by a railway company to ascertain and determine the compensation to which the respondent was entitled for the extinguishment of an easement of a grade crossing over the petitioner's track, which divided her farm into two parts, evidence was given tending to prove that, in view of the extinguishment of the easement in question, the respondent's land south of the railroad would have a greater value if it abutted on a street south of it than it would if shut off from such street, as it was, by a narrow strip of land between the south line of the lot and the street.

*Held,* that an offer made by the petitioner's counsel to show that he was the owner of that strip of land, and was then ready and offered to deliver to the respondent a deed already executed, conveying it to her without the payment by her of any consideration, was properly excluded.

That it was not for the court to determine whether the respondent ought or ought not to have accepted the offer, as it was her right to decline to become the owner of the strip of land, and to refuse to have her land extended to the street.

That the motives of persons, in the exercise of their clear, lawful rights, are not usually the legitimate subject of criticism in legal proceedings.

APPEAL from the appraisal and report filed in the Erie county clerk's office May 4, 1888, of commissioners appointed in this proceeding to ascertain and determine the compensation to which the respondent was entitled for her interest in land sought to be taken by the railway company.

*John G. Milburn* and *Charles B. Wheeler*, for the appellant.

*H. C. Day*, for the respondent.

BRADLEY, J.:

The land of the respondent is situated in the county of Erie, and about two and a half miles from the corporate limits of the city of Buffalo, is upwards of eighty feet in width upon the highway, and extends back south a sufficient distance, including that occupied by railroads crossing it, to contain about ten acres, and exclusive of that

so occupied contains nearly nine acres. The land has been, and so far as appears still is, used for farming purposes.

The line described for the petitioner's road ran through the land easterly and westerly, and the respondent conveyed to the company, for the purposes of its road, a strip, having such line for its center, six rods in width, reserving for her use a grade crossing, which the railway company undertook to make and maintain. The railroad was constructed and the crossing provided. This proceeding was instituted, as appears by the petition, to extinguish such easement of the respondent, for the alleged reason that the company required the land so conveyed and embracing that within the location of the easement for "warehouses and trestles, and facilities for the handling and storage of coal and other freight, and their transfer from car to car, and for its other lawful purposes." Upon appeal from the order of the Special Term appointing commissioners, such order was, with some modification, affirmed, upon the assumption that, by the extinguishment of the easement so provided, it was not designed to deny to the respondent the right and means of a farm crossing over the lands so conveyed. (44 Hun, 194.) The quantity of her land, north of the railroad and fronting on the highway, is two and sixty-nine one-hundredths acres, and her buildings are upon it. South of such railroad, and of the land taken by the Erie and Lehigh Valley Railroad Companies, the quantity of her land is six and seventeen one-hundredths acres, making together eight and eighty-six one-hundredths acres retained by the respondent in her farm. The company does not by this proceeding seek or propose to take any additional land for its structures, but its apparent purpose is to erect them upon the strip so conveyed to it, and upon which the railroad was constructed. The commissioners awarded to her $900; and in their report say that in making such award they "regarded said Catharine Miller as having a right to a grade crossing from the northerly line to the southerly line of lands deeded by her to the petitioner." No evidence appears to have been taken by the commissioners, other than such as they may have obtained by a personal view of the premises, of the damages she would suffer upon the assumption that a crossing over the land would be substituted for the one extinguished. The evidence of the witnesses produced at the hearing related solely to the value of the respond-

ent's land, and to the value of that portion of it south of the railroad, in the event that the means of crossing to and from it over the land so conveyed are cut off and denied to her. It is difficult to see how the amount of the award was arrived at upon the assumption that the landowner was to have a crossing over such railroad land for her use. The consequences to her property, by the construction and operation of the railroad, or in the erection of structures for its purposes upon the land conveyed to the company, were not the subject of consideration in this proceeding, as they were disposed of or covered by the sale and conveyance of the land by the respondent to the company for the purposes of the railroad, subject only to the right of a grade crossing.

Assuming that the commissioners had in view a crossing to be provided for her over the lands, in making the award, it does not appear by any evidence, and is not represented by their report, how or to what extent it would be less useful or convenient for her than the one extinguished ; and, upon that assumption, we fail to find in the papers before us any satisfactory support for the award.

There was some evidence tending to prove that, in view of the extinguishment of the easement in question, the respondent's land, south of the railroads, would have a greater value if it abutted on the street south of it, than it would have had if shut off from it, as it was, by a narrow strip of land between the south line of her lot and the street. The counsel for the petitioner offered to show that he was the owner of that strip of land, and was then ready and offered to deliver to the respondent a deed already executed, conveying it to her without the payment by her of any consideration, and offered such deed in evidence. To this evidence the respondent's counsel objected. It was excluded and exception taken. The evidence was offered to prove that she then had the opportunity to connect the south end of her land with a street, in that manner to enhance its value and thus tend to diminish the damages she would suffer by cutting off partially or wholly her means of passage across the railroad from the northern to the southern portion of her land. And it cannot be said that such may not have been the effect founded upon the estimated value of her property. With a view to the question of compensation, it was proper to show the existing or available facilities of going upon the land for the purposes of its use, and the value remaining of the

premises after the extinguishment of the particular easement. But the adoption of the proposition in question would seem to lead to the conclusion that, in a proceeding to condemn land and upon the subject of compensation, such means as the petitioner should enable the landowner to accept, as might enhance the value of the portion not taken of any parcel of land, would become the subject of consideration for the commissioners. And such means might be produced by a variety of supposable causes. The prevailing theory upon which compensation in such cases is estimated has reference to the condition in which the remaining property of the landowner will be left, and how it will be affected by the appropriation of the portion taken for the public uses in view. This involves the consideration of the impairment of the conveniencies and facilities relating to its legitimate use as well as the depreciation in value occasioned by the severance from it of that taken. In this case the inquiry related to the consequences of denying to the respondent the easement which had been provided for her passage from one portion to the other of her land. It was competent to show the means she would have to reach the southern portion of the lot, and that she could do so by going the distance of one and three-fourths miles. And although it may have been a gracious act, on the part of the petitioner, to offer to her a way from the street on to her lot at that end of it, by the conveyance to her of the intervening land, she was not required to accept it, nor is it seen how, on her refusal to do so, that fact was legitimately available as evidence in reduction of compensation. The consideration by the commissioners of such means for that purpose is not within the the contemplation of the statute. (*Hill* v. *M. and H. R. R. Co.*, 5 Denio, 206 ; affirmed, 7 N.Y., 152 ; *Matter of N. Y., W. S. and B. R. R. Co.* v. *Bell*, 28 Hun, 426.) To hold to the contrary would be the assertion of a rule not entitled to support as a precedent, as it would be the recognition of the right to urge, in mitigation of damages in such cases, whatever the landower may have had the opportunity to accept, which might be construed as a benefit to him in the value or use of his land not taken.

It is not for the court to determine whether the respondent ought or not to have accepted the proposition made to her on the hearing. It was her right to decline to become the owner of the strip of land,

and to refuse to have her land extended to the street. The motives of persons in the exercise of their clear lawful rights are not usually the legitimate subject of criticism in legal proceedings.

We have examined the other exceptions to the rejection of evidence, and think there was no error in that respect to the prejudice of the petitioner. It may be observed that the rule relating to the trial of actions at law is not in its strictness applicable to proceedings or this character.

Upon the assumption that the respondent is denied the right to a crossing over the railroad, the amount awarded as compensation has the support of evidence. And in that view it cannot properly be determined excessive. (*In re N. Y., L. and W. Ry. Co.*, 27 Hun, 116.)

The appraisal and report should be reversed and a new appraisal had, unless the respondent elect to release her right or claim to a crossing over the land of the petitioner, and in that event the appraisal and report be affirmed, without costs of this appeal to either party.

BARKER, P. J., and HAIGHT, J., concurred; DWIGHT, J., dissented.

Appraisal and report reversed and a new appraisal ordered before new commissioners, unless the respondent, within twenty days, releases her right or claim to a crossing over the lands of the petitioner; in that event the appraisal and report is affirmed, without costs of this appeal to either party.