### MUSANTI v. STATE.

#### (Court of Claims of New York. August 21, 1911.)

1. EMINENT DOMAIN (§ 147*)—COMPENSATION—AMOUNT.

Where part of land upon which a lessee had erected a building was condemned, the lessee was entitled to recover the difference in the value of his leasehold before and after the appropriation; and, having relinquished his claim for damages except to the building, he was entitled to the difference in the market value of the building before and after the appropriation.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 394–396; Dec. Dig. § 147.*]

2. EMINENT DOMAIN (§ 155*)—COMPENSATION—PERSONS ENTITLED.

Where land appropriated by the state was in the possession of a lessee, his possession was notice to the state of his interest.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 155.*]

3. EMINENT DOMAIN (§ 155*)—COMPENSATION—LANDLORD OR TENANT.

Where the state condemned land held by a lessee, it cannot, by paying the lessor the full value of the premises including the value of the leasehold, deprive the lessee of his compensation or remit him to an action for it against the lessor.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 421–424; Dec. Dig. § 155.*]

Claim by David Musanti against the State of New York. Award for plaintiff.

The state appropriated certain premises at Sylvan Beach on May 10, 1905. At that time the claimant was the lessee of the premises and in the occupancy thereof under a written lease made June 1, 1904. He had erected on the premises a wooden building in which he conducted the business of selling confectionery, ice cream, cigars, and tobacco. The appropriation line ran through this building. On July 25, 1905, the superintendent of public works and the state appraiser were notified of the claimant's rights as lessee. Negotiations

for an adjustment of the damages for the appropriated land were conducted, and a contract was made between the owner and the state through the state appraiser November 28, 1905. Without the consent of the claimant, the compensation in this contract was paid to the owner of the land, and claimant's building was sold by the state contractor and removed in January or February, 1906. The state refuses to allow the claimant anything for his leasehold interest, and claims that he has been foreclosed by the proceedings taken by the state, and must look to the owner who has received compensation for the land.

Robert Fish, for claimant.

Thomas F. Carmody, Atty. Gen., Frank W. Brown, Deputy Atty. Gen., and M. H. Quirk, for the State.

RODENBECK, J.  [1] The claimant was entitled to recover the difference in the value of his leasehold before and after the appropriation, but, having relinquished his claim for damages except to the building which he had placed upon the leased premises, he is entitled to an award representing the difference in the market value of the building before and after the appropriation.

[2, 3] He cannot be deprived of the compensation to which he is entitled under the Constitution by the method adopted by the state. When the appropriation was made, he was in possession of the property under a written lease which had not expired. This possession was notice to the state, even if the lease was not recorded, but he also notified in writing the superintendent of public works and the state appraiser of his claim under the lease. Notwithstanding this knowledge, the state paid the owner what is now claimed by the state to be the full value of the property, including the leasehold interest, and the state urges that the claimant must look to the owner for his compensation.

This we do not think he is required to do. If the state made a contract with the owner for the value of the fee, including the leasehold, it should have seen to it that the lessee's claim was taken care of before paying over the consideration. Not having done so, he is entitled to come into this court, and have his claim adjusted. If the contract did not include the leasehold interest, the lessee is entitled to have it adjusted in these proceedings. He cannot be deprived of his property without notice and without an opportunity to be heard in some tribunal.

The evidence of value given by the claimant related to the cost of reproducing the building. This is not the measure of damages.

The true measure is the market value of the property taken, and so an award of $450 is made.

SWIFT, J., concurs.