Charles T. Major, J.
This is a claim for de facto and statutory appropriation of claimant’s property. Claimant owned a large main building and other- structures constituting a milk receiving plant, which was located on lands leased from the New York Central Railroad Company, with right of ingress and egress over other railroad lands. This lease contained a 30-day cancellation clause and a provision that claimant, by complying with the terms of the lease, had the right to remove all buildings and materials. Claimant’s milk plant and property occupied by its plant manager abutted Indian Castle Road. This road ran from Route 5S northerly past these two properties to the New York Central Railroad tracks north of claimant’s leased property, where it ended. Under the provisions of section 347 of the Highway Law, claimant’s rights in and to Indian Castle Road were appropriated, but the physical possession or entry was not made until after the appropriation map was filed in the Herkimer County Clerk’s office on March 12, 1953.
Claimant owned the fee to the property which included the plant manager’s residence and other small buildings; a small plot of land on which a covered fresh water spring was located and a pipe line leading from this spring on claimant’s easements and property and over property of others, to the main milk plant and to the manager’s residence.
The details of the various appropriations herein are contained in the findings of fact and conclusions of law of the respective parties and the decision of the court, which are filed simultaneously herewith. Several questions have been raised and argued by the respective parties which the court believes may be covered more effectively by this opinion.
I. Claimant timely served notice demanding that the State admit the truth of certain facts, pursuant to section 322 of the Civil Practice Act. The State replied by letter stating that the demand was returned for the reason that it is the State’s con *447 tention that this provision of the Civil Practice Act does not apply to claims against the State of New York. Subdivision 9 of section 9 of the Court of Claims Act provides: ‘ ‘ The court shall have jurisdiction: * * * 9. To establish rules for the government of the court and the regulation of practice therein and to prescribe the forms of procedure before it, in furtherance of the provisions of this act and not inconsistent with law, and except as otherwise provided by this act or by rules of this court or the civil practice act, the practice shall be the same as in the supreme court.”
The provisions of the Civil Practice Act apply to the Court of Claims unless otherwise inconsistent with law, or contrary to the Court of Claims Act, Rules of the Court of Claims, or the Civil Practice Act. (Court of Claims Act, § 9, subd. 9; Ehde v. State of New York, 260 App. Div. 511.)
The court finds no such inconsistency in law, or contra provisions in the Court of Claims Act, Rules of the Court of Claims, or the Civil Practice Act.
As a general proposition, section 322 of the Civil Practice Act applies to the Court of Claims. It applies to this claim. Very often, the State concedes and stipulates uncontroverted facts during trials and arguments. If, on such occasions, it is proper to admit, then it is proper to do so before trial. This practice is in accord with the efforts of the courts and Judicial Council to expedite trials, reduce costs and aid in the disposition of the increasing number of eases. However, the evidence produced on the trial of this claim relative to the items included in the demand, was full and complete, and the court has decided this claim on such evidence.
II. Interpretation of the authority contained in subdivision 5 of section 347 of the Highway Law appears necessary in arriving at the conclusions of law upon which the court’s decision is predicated. Such section 347 regulates the practice and procedure for the appropriation of property and property rights for use in the construction of State thruways. Subdivision 5-a thereof provides that such appropriation shall be deemed complete and the title to such property shall become the property of the State upon the filing of the description and map by the Superintendent of Public Works in the office of the County Clerk wherein the property or portion thereof is situated. Subdivision 5 of such section authorizes the State to enter upon and take possession of the property described for any and all purposes connected with the thruway system of the State of New York, immediately after filing the map in the office of the Department of State. *448 It is the duty of the court to give meaning to each of these subdivisions in conjunction with section 7 of article I of the State Constitution, in a manner that each section must be considered and applied in connection with every other section, so that all will have their due conjoint and harmonious effect, consistent with the scope and purpose of the section and the constitutional provision pertaining to the taking of private property for public use. (Price v. County of Erie, 221 N. Y. 260; Matter of Kaplan v. Peyser, 273 N. Y. 147; Matter of Tonis v. Board of Regents of Univ. of State of N. Y., 295 N. Y. 286.)
Accordingly, it is the court’s opinion that if the entrance and/or possession by the State, under subdivision 5, was in reality a taking, then such entrance and possession became a de facto appropriation. Formal proceedings are unnecessary. (Kahlen v. State of New York, 223 N. Y. 383; Weismantle v. State of New York, 210 App. Div. 608; American Woolen Co. v. State of New York, 195 App. Div. 698; Rochford v. State of New York, 153 Misc. 239, affd. 245 App. Div. 794.) The extent of such entrance and possession resolved into a question of fact dependent upon conditions and circumstances.
III. Once an appropriation is made, either de facto or statutory, the State is without authority to amend, change, alter, modify or withdraw the taking, and subdivisions 6, 7 and 8 of section 347 of the Highway Law are ineffective. (Kahlen v. State of New York, supra; Matter of Corporation Counsel of City of N. Y. [Attorney St.], 186 App. Div. 669; Hill v. Mohawk & Hudson R. R. Co., 7 N. Y. 152.) However, maps and descriptions may be changed, altered or modified any time before such entrance and possession by the State becomes an appropriation, by complying with the provisions of subdivisions 6 and 7 of such section 347. In this claim, there is no evidence that a certificate of withdrawal was filed as provided in subdivision 7.
Claimant’s pipe-line easements over the Singer and Van Allen lands, although indefinite as to their location originally, were fixed and certain for some time before their appropriation, and could not be changed or exercised in any other place. (Onthank v. Lake Shore & Mich. So. R. R. Co., 71 N. Y. 194.)
Except by mutual agreement, and in a formal manner as provided by the Eeal Property Law, the State cannot substitute a different easement for pipe-line purposes in lieu of money damages (Hill v. Mohawk & Hudson R. R. Co., supra), or substitute a new access highway in lieu of damages after depriving claimant of his original access. (Matter of Corporation Counsel of City of N. Y. [Attorney St.], supra.)
*449 Claimant’s and the leased premises with the improvements, the spring, pipe-line easements and license with the interconnecting pipe line thereon constituted one single entity of a going concern (Glen & Mohawk Milk Assn. v. State of New York, 207 Misc. 1130, affd. 2 A D 2d 95; Matter of City of New York [West 10th St.], 267 N. Y. 212, 222-223) and must be so valued. The measure of damages is the difference between the value of the property before the taking and the value after the State’s acquisition of (a) the easement of access in Indian Castle Road; (b) the partial appropriations of the pipe-line easements and pipe lines; (c) appropriation of part of the spring property and (d) the partial appropriations of the demised premises, (Matter of City of New York [West 10th St.], supra; Crance v. State of New York, 284 App. Div. 750; Matter of City of New York [Pier Old No. 49], 227 N. Y. 119; Matter of Grade Crossing Comrs. of City of Buffalo, 116 App. Div. 549.)
Claimant is entitled to compensation for such fixtures as would have become part of the realty if they had been installed permanently by the owner of the fee, or which would cause injury to the realty or the fixture by removal thereof. (Matter of City of New York [Whitlock Ave.], 278 N. Y. 276; Matter of City of New York, 192 N. Y. 295; Jackson v. State of New York, 213 N. Y. 34.)
IV. The contention of the State that the measure of damages for the taking or consequential injury to claimant’s buildings and fixtures would be restricted to the market value of a 30-day leasehold of the plant, is not well taken. Claimant leased the land, but owned the improvements and fixtures thereon, under- a lease giving to it the authority to remove such improvements and fixtures at the expiration of the lease, provided the rent had been paid and the covenants of the agreement complied with. The rent had been paid and the covenants complied with and claimant’s lease had not expired at the time of the appropriation. The claimant is entitled to be paid for its improvements and fixtures, which it had a right to remove at the end of the lease, and/or the consequential damages thereto. (Musanti v. State of New York, 73 Misc. 534; Matter of City of New York [Allen St.], 256 N. Y. 236 and cited cases; Poillon v. Gerry, 179 N. Y. 14; Matter of Grade Crossing Comrs. of City of Buffalo, supra; Lewis v. Ocean Nav. & Pier Co., 125 N. Y. 341.)