Richard S. Heller, J.
These three claims involve an appropriation for the Thruway of land owned by the claimant.
*217 Included in the taking are lots Nos. 2, 17, 18, 20 and substantially one half of lot No. 1, all as shown on a map of Manion Heights, a subdivision located in the town of German Flatts, Herkimer County, New York.
On July 11, 1953 a contractor working for the State Thruway Authority came upon the-lands of claimant and since that time the use of said land has been denied her. On that date the land was being used by the husband of claimant for truck gardening. All crops were destroyed and the contractor took total possession.
A map of the taking was filed in the office of the Herkimer County Clerk in April of 1954. Personal service on this claimant was not made until December 23, 1955, or 22 days after the claim had been filed with the clerk of the Court of Claims.
Since it is the intention of the court to award interest on this claim from July 11, 1953 to the entry of judgment it becomes necessary to outline the basis of such award.
Subdivision 1 of section 19 of the Court of Claims Act provides : “ If a claim which bears interest, is not filed until more than six months after the accrual of said claim, no interest shall be allowed between the expiration of six months from the time of such accrual and the time of the filing of such claim.”
Application of this statutory provision to claims for compensation for appropriation of property, requires that interest be allowed from the moment at which the property is appropriated to public use either by completion of the formalities of the appropriation in accordance with the appropriate statute or actual entry and possession by the State to six months after the completion of the requirements of notice to the owner contained in the applicable statute. This result is due to the nature of interest to which a person deprived of property by eminent domain is entitled. In an appropriation claim where the date of appropriation and the date of payment to the owner are not coincident, interest at the legal rate for the period between devotion of the property to public use and payment is simply a measure of damage for a claim and it is not dependent upon the amount of the award in terms of fair market value of the property as of the date of appropriation. Where there is a period between the devotion of the property to public use and payment the claimant actually has two causes of action. If he can show a rental value for the property at a rate fairly and reasonably greater than legal interest he may recover that amount although in the absence of evidence to the contrary, legal interest is ordinarily the measure of damages for that cause of action. (Robert S. Smith Corp. v. State of New York, 49 *218 N. Y. S. 2d 579.) The reason for this lies in the nature of the power of eminent domain and the constitutional restrictions on the exercise of that power.
The power of eminent domain is an inherent power in any sovereign. It is a characteristic and an attribute of sovereignty. Like the power of taxation and police power, the power of eminent domain exists as a necessity to effective government. The existence of the power does not depend upon constitutional provisions but rather, the power underlies the Constitution and exists simply because there is a sovereign power in existence. (People v. Adirondack Ry. Co., 160 N. Y. 225, 236-237, affd. 176 U. S. 335.)
The power has been exercised by the State of New York ever since the State came into existence yet such power was not even mentioned in the first Constitution of the State and under the present Constitution the power is referred to only by way of limitation on its exercise. In section 6 of article I of the Constitution the exercise of the power is limited by the restriction that no person may be deprived by his property without due process of law. In section 7 of article I of the Constitution the exercise of the power is limited by the restriction that private property may not be taken for public use without just compensation. In the exercise of the power of eminent domain due process in accordance with the constitutional guarantee does not grant to the property owner any right to be heard on the question of appropriation by the State unless some statute requires it. (Matter of Village of Middle-town, 82 N. Y. 196, 201.) The right of the State to take possession of property and devote that property to public use in a summary manner without notice or hearing has long been sustained as not violating the constitutional requirements for due process of law. (People v. Adirondack Ry. Co., supra, pp. 238-241.)
On the question of compensation however, a different problem arises. Due process of law coupled with the requirement of just compensation for the appropriation of property requires that the aggrieved person be given notice and an opportunity to be heard. (People v. Adirondack Ry. Co., supra.) Since there is no requirement that there be payment of just compensation in advance so long as a certain, convenient and adequate source and means of payment is provided, there may be a separation in time between appropriation and determination of just compensation. The right to just compensation however is an absolute right belonging to the owner of the property taken *219 and the fundamental theory of the exercise of the power of eminent domain is that payment should be coincident with the taking. Where the taking and payment of compensation do not coincide, while such fact does not render the taking unconstitutional or void the award must include some sum in addition to the bare value of the property at the date of taking for the delay in making such payments. If such a sum is not included then the constitutional requirement for just compensation is not fulfilled. (Matter of City of New York [Bronx Riv. Parkway], 284 N. Y. 48, 54, citing Jacobs v. United States, 290 U. S. 13; Phelps v. United States, 274 U. S. 341.) In that case the court observed that where there is no evidence as to what such additional sum should be, interest as provided by law meets the constitutional requirement. (Seaboard Air Line Ry. Co. v. United States, 261 U. S. 299; see, also, Woodward-Brown Realty Co. v. City of New York, 203 App. Div. 625; Robert S. Smith Corp. v. State of New York, 49 U. Y. S. 2d 579, supra.)
Under such appropriation statutes as sections 30 and 347 of the Highway Law provision is made for preparation of maps and description of the property to be appropriated and the filing of those maps and descriptions in the office of the Secretary of State. At that point the State has authority and power to enter upon and take possession of such property. This procedure is clearly proper and constitutional and does not violate the provisions for due process of law. The State does enter and take possession of property without any further action devoting it to public use and those statutes also recognize and permit the State to take possession and devote property not included in such descriptions to public use. While this situation exists the State has the power and the authority under this legislative pattern to alter and amend the maps and descriptions filed with the Secretary of State. As pointed out in Robert S. Smith Corp. v. State of New York (supra) at this point the State has incurred no liability for the value of the fee and if the State should abandon such a project as entry upon property so described and withdraw the descriptions and maps in accordance with the statutes, the property owner would be entitled to compensation for the temporary occupancy by the State.
In order to complete its appropriation the State must obtain the names of the property owners affected and must file its maps and descriptions in the appropriate County Clerk’s office. At this point title vests in the State and the appropriation is deemed complete. Thus far however, in this legislative pattern there has been no reference to or requirement for notice to the *220 property owner. The steps thus far in the legislative pattern for appropriation under these statutes have dealt solely with the question of the taking on which the property owner has no right to be heard.
The statute then requires however, that service of the notice of appropriation he made upon the property owner where the property owner can he found within the State and where the property owner cannot be found within the State after reasonable effort, then the State must file that fact with the appropriate County Clerk’s office. It is apparent then that under this statute and this method of appropriation, the Legislature intended to meet the requirement for just compensation on which the property owner is entitled to notice and an opportunity to be heard by the personal service of notice where the property owner is within the State.
Section 19 of the Court of Claims Act therefore must be read against the pre-existing law requiring the payment of fair market value at the time of appropriation and where payment is not made at the time of the appropriation an additional sum for the delay in payment. Since the statute clearly contemplates the right and authority of the State to take property and devote it to public use with the determination and just compensation left to a later date upon fulfillment of the constitutional requirement of notice and an opportunity to be heard it follows that the restriction on interest in section 19 cannot become effective until all of those requirements of notice and an opportunity to be heard constitutionally guaranteed have been fulfilled by the State. If any other reading is given to section 19, the section would violate the constitutional provision for just compensation.
This application of section 19 is peculiar to appropriation eases. It did not arise under a contract action. In a contract action the right to interest does not rest upon any constitutional guarantee but exists simply as incidental to the existence of a debt. Thus if the debt is extinguished the right to interest is extinguished. Such a result would not apply to delay in payment in an appropriation case where the right to interest as a measure of just compensation for the period of time between appropriation and payment rests upon the constitutional guarantee of just compensation. Payment of fair market value as of the date of taking would not extinguish a right to recover for the delay between appropriation and payment.
The best available use of the land appropriated was for residential or commercial building lots.
*221 it is the opinion of the court that the fair and reasonable market value of claimant’s land prior to the appropriation was $4,000 and that the value of claimant’s land after appropriation was $250.
Claimant has been damaged in the amount of $3,750, with interest from July 11, 1953 to the date of the entry of the judgment.
The court has viewed the premises.
The claim has not been assigned.
Submit findings.