Richard S. Heller, J.
In the construction of the Thruway, the State appropriated three parcels of land owned by the claimant.
Claim No. 33534 consists of the appropriation of Parcel 189, Map 167, which consists of four lots numbered 11, 12, 13 and 14 as shown on a map of Manion Heights, Town of German Flatts, Herkimer County, New York, and Parcel 202, Map 167, which took a part of lot No. 7 in the same subdivision. Claim No. 33535 consists of an appropriation of Parcel 208, Map 182, an area of land of 7.641 acres, more or less.
*222 Both claims ask for damages for loss of growing crops, loss of water supply, flooding and destruction of trees, etc.
The contractor representing the State took possession of the land on July 11, 1953 and claimant has been deprived of the use since that time. Appropriation maps were filed in the office of the Herkimer County Clerk in April of 1954 but personal service on claimant was not made until after these claims were filed.
As to Claim No. 33534, it is the opinion of the court that the best available use of the land taken was for building lots. At the time of the taking" the land was used for truck gardening and certain crops in various degrees of growth were destroyed. It is difficult to accurately assess the damages when crops are destroyed prior to harvest when actual costs of seed, fitting of the land and man hours of time involved are lacking.
At the time of the appropriation the fair and reasonable market value of the land taken and for which Claim No. 33534 was filed was $3,700 which includes the value of growing crops. After the appropriation the value of the land remaining to claimant was $200. Claimant should recover in the amount of $3,500 for direct and consequential damage, with interest from July 11,1953 to the date of the entry of judgment.
Claim No. 33535 involves the appropriation of 7.641± acres. By this taking 43.87± acres have been isolated and left without access. Claimant’s original farm consisted of approximately 59 acres and the remainder after the appropriation and the isolation is 7.07± acres.
Prior to the appropriation the claimant operated a truck garden. His house, greenhouse and barn were used by him in his gardening operation. No buildings were taken but growing crops were destroyed. There is some evidence that the land remaining does not have the same type of drainage that existed before the construction of the Thruway.
The land taken consisted of cultivated land and brush land. The land isolated consisted of cultivated land, woods, an orchard and pasture land. The land remaining was cultivated land.
It is the opinion of the court that the fair and reasonable market value of claimant’s property covered by Claim No. 33535 at the time of the appropriation was $25,300 and that the fair and reasonable market value after the appropriation was $13,640. Claimant has been damaged in the sum of $11,660 which includes consequential damage for all items included in the evidence. Interest from July 11,1953 to the date of entry of judgment.
*223 Interest is granted as per opinion of this court in Florence Zember v. State of New York (5 Misc 2d 216).
The claims have not been assigned.
The court has viewed the premises.
Submit findings.