Russell G. Hunt, J.
This is a claim to recover compensation for property taken for the purposes of the New England section of the New York State Thruway (Highway Law, art. 12-A). *961 The claimant is the assignee of the former owner of the property, Empire Coil Company, Inc., pursuant to assignment made under date of December 21, 1955. The claim herein was filed on April 16, 1956.
Two parcels of land with a structure thereon are described as having been appropriated. Concerning the first parcel, the parties stipulated on the last day of the trial that the claimant’s damages amounted to $15,000, with interest, and, since that taking was pursuant to formal appropriation and is not otherwise defended, judgment will be directed for the claimant in that sum. The State resists payment for the second parcel and the structure thereon, but, has stipulated with the claimant that if the latter is entitled to a recovery the amount should be for $55,000, "with interest. The issue respecting this parcel is whether the State’s entry thereon on June 13, 1955, the demolition of that part of the assignor’s factory building upon the parcel and the exclusion of the assignor therefrom (without formal appropriation) was a de facto appropriation, as contended for by claimant (see Queensboro Farm Prods. v. State of New York, 6 Misc 2d 445, affd. 5 A D 2d 967, affd. 5 N Y 2d 977), or, was under a claim of right, as contended for by the State.
The State contends that it was the equitable owner of the land and had the right to enter and eject the claimant’s assignor by reason of certain alleged agreements with the County of Westchester. A second defense is that, in any event, the State possessed the right to do what it did under a deed to the claimant’s assignor from Westchester County, dated January 19, 1954, and, wherein it was recited that the New England Thruway was to be constructed on or over the land and the grantee covenanted to grant to the State, when required, 4 4 a permanent aerial easement together with a permanent easement to construct piers or necessary columns for supporting the overhead structure.” At that time the land was occupied by the factory building owned by the assignor under an arrangement with the grantor, and, the plant was then in operation. Without requiring the conveyance of the easement, the State, as stated, entered upon the premises, demolished the building and occupied the land to the exclusion of the claimant.
The first defense was the subject of an action (commenced May, 1957) by the claimant against the State, pursuant to article 15 of the Beal Property Law, for a judgment determining the rights of the parties under the deed from the County of Westchester to the assignor. Following a trial, upon the merits, it was adjudged that the claimant’s title to the premises was *962 good, subject only to the easement, and, further, that the claimant should convey ‘ ‘ a permanent aerial easement for overhead construction of a thruway over the said premises together with a permanent easement to construct piers or necessary columns for supporting said overhead structure ” (Rosenberg v. People, 12 Misc 2d 710, affd. 7 A D 2d 929, motion for leave to appeal to the Court of Appeals denied 6 N Y 2d 706). That determination is res judicata (Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304). Thereafter, and, by instrument dated August 27, 1959, the claimant executed and delivered the easement referred to.
Respecting the second defense, the Attorney-General contends that the State, under the deed, possessed the right to do what was done. In other words, the entry upon the premises, the demolition of a part of the building and the exclusion of the assignor from the land upon which it stood, were all authorized by the easement. This, it is argued, was the intention of the grantor and grantee. The provisions which are pointed to are not, in terms, as broad as the proposition contended for; nevertheless, evidence was received on the question (Matter of Golenbock [Komoroff], 2 A D 2d 742).
The evidence disclosed that the intention of the grantor and grantee was that the grantee’s factory building was not to be demolished, that title to, possession, and occupancy of, the land and building were to remain in the grantee exclusively, except, but consistent therewith, and, when required by the State, the grantee was to grant to it an easement for a highway to be constructed overhead with the location of any necessary piers or columns on the ground to be consistent with the rights and interests of the parties. The State’s entry, demolition of the building and exclusive occupancy of the property were, on the testimony of a State representative, the expression of the State’s policy that adverse interests in property beneath the Thruway would not be permitted. Such is inconsistent with the provisions of the deed and the intention of the parties thereto. A de facto appropriation has been spelled out. The claimant is entitled to additional compensation in the stipulated sum of $55,000. A decision in accordance with the foregoing is filed herewith.