Caroline K. Simon, J.
Claimant moves pursuant to subdivision 8 of section 9 of the Court of Claims Act for an order amending the memorandum-decision of this court in the above-captioned appropriation claim rendered March 25, 1965 and filed on March 31, 1965 insofar as the award made therein does not include entry damages commencing from the physical entry and occupation of claimant’s premises by defendant’s contracting forces stipulated and found by the court to be on October 21, 1958 to and including the date of filing of appropriation maps in the Suffolk County Clerk’s office stipulated and found by the court to be on October 21, 1959, with the exception of one such map which was filed on May 12, 1959, but which date was considered but not felt controlling under the circumstances by the court in computing interest on the award. The claimant seeks further amendment of the within memorandum-decision to include interest on the award as amended, commencing with the date of filing of the within maps for a six-month period thereafter, and from the filing of the claim herein found by the court to be December 21, 1960 to the date of entry of judgment pursuant to subdivision 1 of section 19 of the Court of Claims Act.
In support of its application claimant relies upon Andrews v. State of New York (19 Misc 2d 217, 227, affd. 11 A D 2d 599, affd. 9 N Y 2d 606, cert. den. 368 U. S. 929); Zember v. State of New York (5 Misc 2d 216) and Robert S. Smith Corp. v. State of New York (31 Misc 2d 107) for the proposition that where entry and occupation and formal vesting of title are not simultaneous, claimant may recover entry damages from the date of entry and occupation to the date of formal vesting of title, based on fair rental value or legal interest in the absence of proof of fair rental value, and may in addition thereto recover for the permanent appropriation of his land upon the formal vesting of title with interest thereon from that date pursuant to subdivision 1 of section 19 of the Court of Claims Act.
In rebuttal the Attorney-General argues that the entry and possession of the subject premises on October 21,1958 by defendant’s contracting forces was a valid exercise of statutory authority in conformity with subdivision 5 of section 30 of the Highway Law and constituted the exercise of such dominion and control over the premises as to amount to a de facto appropriation. (United States v. Dow, 357 U. S. 17; Queensboro Farm Prods. v. State of New York, 6 Misc 2d 445, affd. 5 A D 2d 967, affd. without opn. 5 N Y 2d 977.) From this premise the Attorney-General concludes that claimant, a subsidiary of an active real estate operator with offices in close proximity to the acquired *662 area, could have been presumed to have filed his claim within six months thereafter if claimant ‘ ‘ were at any time curtailed in the dominion which he has had occasion to exercise over his property ” so as to avoid the suspension of interest provisions of subdivision 1 of section 19 of the act. (La Porte v. State of New York, 6 N Y 2d 1, 7, app. dsmd. 361 U. S. 116.)
Both sides agree that no settled appellate authority exists on the precise point and that the issue has been treated in varying ways. The reported decisions, such as Zember v. State of New York (supra) and Rymkevitch v. State of New York (42 Misc 2d 1021, 1027) the former concluding that the suspension of interest provisions of the act would violate the requirement of just compensation contained in section 7 of article I of our State Constitution if applied to a de facto appropriation without personal service of notice of filing of an appropriation map, and the latter holding that .the afore-mentioned provisions do not as a matter of law apply to a de facto taking, must be read in conjunction with the opinion of the Court of Appeals in which the constitutionality of the section was upheld against the argument that “ just compensation to owners requires the allowance of interest from the time of the appropriation, rather than from the date of the filing of the claim or from the taking of possession ” for highway purposes. (La Porte v. State of New York, supra, p. 6.)
At the outset it is imperative to distinguish between interest as a measure of damages for delay.in payment and interest on an award for the taking of realty by public authority. As to the former question, the majority of the Court of Appeals in La Porte (supra, p. 6) made reference to the settled law on the right to compensation caused by delay in payment as follows: ‘1 Where title has passed to the State or other public body, and the value of the property is later to be'determined as of that date, interest until the adjudication of the award is held to be payable as part of just compensation to the owner for the appropriation of his property [authorities omitted].”
The only judicial exception to this fundamental constitutional requirement exists during those periods where the condemnee continues to enjoy the full and uninterrupted use of his premises, in which event he is held not entitled to uninterrupted interest as a measure of damages since interest is deemed no more than a substitute for the beneficial use and possession of his property, and the condemnee may not reasonably expect both interest and possession. (La Porte v. State of New York, supra.)
It is equally well settled that the State may appropriate real property for highway purposes without the formality of the *663 making and filing of an appropriation map, since the latter has been held to pertain only to the procedure employed in vesting title and not to the question of whether there has been an appropriation in fact. (Queensboro Farm Prods, v. State of New York, supra; Rizzo v. State of New York, 202 Misc. 439.)
The court finds that on the evidence presented the entry and occupation of claimant’s premises by defendant’s contracting forces prior to the filing of the afore-mentioned appropriation maps constituted a de facto taking, at which point defendant was without authority to amend, change, alter or otherwise modify or withdraw the takings under subdivisions 7 and 8 of section 30 of the Highway Law. (Queensboro Farm Prods. v. State of New York, 6 Misc 2d 445, 448.)
The nature of the de facto taking leaves no room for dispute that claimant had been deprived of the beneficial use and enjoyment of his property by the physical entry and occupation thereof by defendant’s contracting forces, a fact which warrants the conclusion that claimant is entitled to recover entry damages from the date of the de facto appropriation to the date of the filing of the aforesaid appropriation maps. The defendant has failed to meet its burden of proof by way of offset that the value of any possible possessory interest retained by claimant has been at least equal to the award of interest or fair rental value to compensate for delay in payment. Claimant introduced uncontroverted proof at the trial that the fair rental value of the premises was at the rate of 10% per annum and claimant is entitled to an award of $5,347.50 based thereon in addition to the sum of $53,475 for direct damages heretofore awarded claimant.
The theory of waiver posed by the Attorney-General by reason of claimant’s alleged failure to file within six months of his knowledge of the entry and occupation of its premises is not well taken. The case of Lubelle v. Rochester Gas & Elec. Corp. (21 A D 2d 369) relied upon to support exclusion of any award of entry damages is readily distinguishable, since what a prospective purchaser is presumed to know, upon which knowledge he is free to accept or reject his acquisition of realty, is a far different situation than the knowledge presumed in regard to a compulsory taking of property inherent in any appropriation by public authority. Moreover, physical entry and occupation is not synonymous with a de facto appropriation, the latter being a. judicial determination which the court alone must reach based on the facts of each case. (Queensboro Farm Prods. v. State of New York, supra.) It would be unreasonable to require even the most knowledgeable condemnee to presuppose that the entry *664 and occupation of Ms land was intended as a de facto appropriation and the court concludes that the instant record would not justify the conclusion that claimant knew, or should have known, that the State intended its occupation of its land to constitute a de facto appropriation.
Considerations of sound public policy in ensuring that awards in connection with de facto takings adhere to uniform standards readily applicable to all such cases also militate against adoption óf the doctrine of waiver put forth by the defendant. Moreover, the court perceives the result to be no more than an equitable extension of the rationale employed by the majority of the Court of Appeals in sustaining the constitutionality of subdivision 1 of section 19 of the Court of Claims Act. If a condemnee may be said to have no constitutionally vested right to both possession and interest, the one being but the equivalent of the other, then it quite properly follows that the defendant as condemnor has no constitutionally vested right to deprive a condemnee of both possession and interest, the latter being but an element of fair compensation which our Constitution mandates. (La Porte v. State of New York, supra; Matter of City of New York [Bronx Riv. Parkway], 284 N. Y. 48, affd. 313 U. S. 540.)
Notwithstanding the foregoing, it does not follow that the afore-mentioned section has no applicability to a de facto taking, so as to require that interest be awarded from the de facto appropriation date to the date of entry of judgment. (Cf. Zember v. State of New York, supra; Rymkevitch v. State of New York, supra.) Interest on the award of damages, as contrasted with interest which is itself a measure of damages, is controlled by our suspension of interest provisions. The Appellate Division Fourth Department has unanimously adopted the rule laid down by the Third Department in Vescera v. State of New York (3 A D 2d 644) in which interest on an award computed from the date of use and occupation by defendant’s contractor was rejected, it being held that interest in such a case must be computed from the filing date of the map and description. (Cacciatore v. State of New York, 4 A D 2d 928, modfg. 5 Misc 2d 841.) This rule has been impliedly confirmed by the Court of Appeals in La Porte v. State of New York (supra) as heretofore noted.
ClaimantTs entitled to interest on the total award as amended of $58,822.50 from October 21, 1959 to April 21, 1960 and from December 21,1960 to the date of entry of judgment herein.
The motion is granted in all respects.