CHARLES L. KAHN et al., as Coexecutors of WALTER T. SHIRLEY, Deceased, Respondents, *v.* STATE OF NEW YORK, Appellant. (Claim No. 38672.)

Third Department, May 31, 1967.

*Elias M. Schwarzbart* for respondents.

*Louis J. Lefkowitz, Attorney-General* (*Ruth Kessler Toch* and *Emil Woldar* of counsel), for appellant.

GIBSON, P. J. Appeal is taken by the State from so much of a judgment of the Court of Claims as awarded damages predicated on the State's entry upon, and use of appropriated lands for a year prior to the vesting of title thereto in the State. The State does not contest the award made for the permanent appropriation and claimants have withdrawn their cross appeal.

Notices of appropriation of the lands in question for purposes of the Sunrise Highway Extension were filed in the Secretary of State's office on August 29, 1958, after which date the State and its agents could lawfully enter upon and take possession of the premises (Highway Law, § 30, subd. 5), as on October 21, 1958 the State's contractors in fact did; but filing of the appropriation maps in the Suffolk County Clerk's office, whereby title vested in the State (Highway Law, § 30, subd. 6), did not occur until October 21, 1959. The claim was filed on December 21, 1960. The Court of Claims awarded $53,475 as direct damages for the lands taken and subsequently, upon the then owner-claimant's application, by order amended its decision so as to award so-called entry damages in the additional amount of $5,347.50; this on the basis of testimony by claimant's expert that the rental value of the lands for the one-year period

involved was an amount equal to 10% of the market value which he had assigned to the property taken.

The Court of Claims predicated the additional award upon its finding that a *de facto* appropriation occurred upon the State's entry upon, and use of the premises. Respondents, although successful in obtaining the result sought upon their application for an amendment or vacatur of the original decision, and having withdrawn their cross appeal, strenuously contest the finding of a *de facto* appropriation. Assuming that the finding, so far as factual, is before us, despite the stipulation limiting the appeal and the content of the record, we find no basis for disturbing it; and the legal conclusion that a *de facto* appropriation occurred was proper, under the authority of *Queensboro Farm Prods.* v. *State of New York* (6 Misc 2d 445, affd. 5 A D 2d 967, affd. 5 N Y 2d 977). Indeed, the demand for, and proof of damages for the entire period would appear inconsistent with any other theory. At least this was not the case of a temporary taking or of partial or intermittent use. Thus, the finding of a *de facto* appropriation was, in our view, proper, but the court erred in thereupon making a separate award for the period following it; and the court's original decision, computing and awarding damages for the permanent appropriation as of and from the date of the *de facto* taking, was correct.

The anomaly of the contention (such as that advanced here by respondents) that there exist two causes of action and two measures of damage was discussed in *United States* v. *Dow* (357 U. S. 17, 24) in which the court characterized as " bizarre " the contention " that there were two different ' takings ' of the same property ", and held that regardless of the time of formal vesting, the " taking " date is the date of actual entry.

So far as appears, the issue before us has not been directly passed upon by any appellate court in New York. It is true that in *Andrews* v. *State of New York* (19 Misc 2d 217, affd. 11 A D 2d 599, affd. 9 N Y 2d 606, cert. den. 368 U. S. 929) the Court of Claims awarded, as it did here, on the basis of separate causes of action but the concept underlying that determination, and, of course, critical to the case before us, seems not to have been briefed or argued upon either of the appeals; and, equally significant, neither in that case nor in the two Court of Claims cases which it followed (see *Smith Corp.* v. *State of New York,* 31 Misc 2d 107, and *Zember* v. *State of New York,* 5 Misc 2d 216) was there any suggestion of a *de facto* appropriation, to say nothing of either a factual or legal finding thereof.

The judgment should be modified, on the law and the facts, so as to reduce the award to $53,475, with interest from October 21, 1958 to April 21, 1959, and from December 21, 1960 to the date of the judgment, and, as so modified, affirmed, without costs.

REYNOLDS, AULISI, STALEY, JR., and GABRIELLI, JJ., concur.

Judgment modified, on the law and the facts, so as to reduce the award to $53,475, with interest from October 21, 1958 to April 21, 1959, and from December 21, 1960 to the date of the judgment, and, as so modified, affirmed, without costs.